WENZEL A. NEUBAUER v. NORTHERN PACIFIC RAILROAD COM-
PANY.[1]

January 21, 1895.

No. 9140.

**Verdict Sustained.**

   *Held,* the verdict is sustained by the evidence.

**Expert Testimony—Ice Tongs.**

   *Held,* further, that large ice tongs are not in such common use that the
proper manner of constructing them is a matter of such common knowl-
edge as to preclude the use of expert testimony as to the same.

Appeal by defendant from a judgment of the district court for
Ramsey county, Kerr, J., entered upon an order denying its mo-
tion to set aside a verdict for plaintiff and for a new trial. Affirmed.

Upon the trial an employé of an ice company testified as an expert
that the points of the ice tongs mentioned in the opinion were too
short.

   *Tilden R. Selmes,* for appellant.

   *John H. Ives,* for respondent.

CANTY, J. The plaintiff was a servant of defendant, employed
by it in its warehouse, and occasionally in "icing" its refrigerator
cars. Its ice house was beside the track. At one side of the ice
house was a shaft or tower in which the ice was raised. It was
then pulled out on a slide or skid to a platform, and there chopped
into smaller pieces. These pieces were then conveyed on another
skid into the car. The platform was about 11 feet above the ground,
and there were no guards or rails around it. On the day in ques-
tion the plaintiff was engaged in pulling the ice out of the shaft
upon the platform, and chopping it into smaller pieces. The pieces,
as they came from the shaft, weighed several hundred pounds. He
seized them with a large pair of ice tongs, and pulled them along
on the skid. He seized one piece, which he testified weighed be-
tween 400 and 500 pounds, endeavored to pull the same upon the
platform, when the tongs lost their hold, which caused him to lose

   [1] Reported in 61 N. W. 912.

his balance and fall off the platform, down upon the ground, by reason of which he was injured. He brought this action to recover damages for such injury, and alleges that the tongs were defective and insufficient, which caused them to lose their grip on the piece of ice, and that defendant was negligent in failing to furnish him with proper tongs. On the trial plaintiff recovered a verdict for $400, and from an order denying a new trial defendant appeals.

We are of the opinion that there is sufficient evidence to sustain the verdict. The jury were justified by the evidence in finding, not only that the tongs were out of repair, but also that they were defectively constructed, and that the points were never properly made or shaped. It was a question for the jury whether or not plaintiff assumed the risk of the defective condition of the tongs. The jury were justified in finding from the evidence that the points of the tongs were dull, blunt, and not properly shaped or pointed, and were much more likely to lose their hold on a piece of ice than a proper pair of tongs. The plaintiff worked on this unguarded platform. It was a dangerous place; and, while the tongs were rather a simple tool, yet we cannot say as a question of law that, under all the circumstances, an unskilled laborer of ordinary intelligence should have known that the tool was defective, and should have known and appreciated the dangers to which he was thus exposed by reason thereof. It is true he had worked on this platform occasionally,—sometimes as often as twice a week or oftener,—for more than a year; but he testified that most all his work there was chopping ice, and throwing the pieces on the lower slide. When he did take the ice from the shaft he always used these same tongs, but he testified that they hardly ever slipped with him before. This may be true, as he may always have taken special care to drive the points deep into the sides of the piece of ice before attempting to pull it with the tongs. Another servant of defendant, called by it as a witness, testified that this pair of tongs had often lost its hold when he was using it during this time, doing the same kind of work, at the same place; but, as we have said, this is not conclusive proof that it slipped or lost its hold in the hands of the plaintiff.

It was not error to admit expert testimony to prove that the tongs in question were defective, and in what respect. Ice tongs, and especially large ones like these, are not in such common use that

the proper manner of constructing them is a matter of such common knowledge as to preclude the use of expert testimony as to the same.

These are all the points raised having any merit, and the judgmen appealed from should be affirmed.   So ordered.