MATT OLMSCHEID v. NELSON-TENNEY LUMBER COMPANY.[1]

October 16, 1896.

Nos. 10,280—(211).

|    |    |
|----|----|
| 66 | 61 |
| 78 | 510 |
| 66 | 61 |
| 82 | 145 |

Injury to Employé—Negligence—Contributory Negligence — Risks Assumed.

*Held*, that the evidence as to the defendant's negligence and the plaintiff's contributory negligence in this case, and as to whether he assumed the risks of operating a defective "bolting saw," whereby he was injured, sustains the verdict in his favor.

Same—Expert Testimony.

*Held*, that the effect of operating a bolting saw without a carriage attachment, as to the safety of the operator, is not a matter of such common knowledge as to preclude the giving of expert testimony on the subject.

Action in the district court for Hennepin county by Matt Olmscheid by Albert H. Olmscheid, guardian ad litem.   From an order, Elliott, J., denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.   Affirmed.

*Harrison & Noyes* and *Rolla E. Noyes*, for appellant.
*Mosness & Fosseen* and *Lee Combs*, for respondent.

START, C. J.   The plaintiff, a boy 17 years old, was employed by the defendant in its sawmill, and, while operating therein a machine known as a "bolting or cut-off saw," used for cutting shingle stock, three of his fingers on the left hand were cut off by the saw. This action was brought to recover damages for such injuries on the ground of the defendant's alleged negligence in the premises. The plaintiff had a verdict for $3,000, and the defendant appealed from an order denying its motion for a new trial.

The principal contention of the defendant is that the verdict is not sustained by, and is contrary to, the evidence, for the reasons (a) that there is no evidence tending to show any negligence on the part of the defendant; (b) that the evidence establishes plaintiff's contributory negligence; and (c) that he intelligently assumed the risks incident to the operation of the machine.

[1] Reported in 68 N. W. 605.

1. The question of the defendant's negligence was, under the evidence, clearly one for the jury.

The machine whereon the plaintiff was injured was a circular saw, 22 inches in diameter, attached to a shaft around which there was a table, the saw extending above the table some 7 inches. One of the appliances of this machine, when it was originally placed in the mill, was a movable carriage, which consisted of a piece of iron 5 inches wide, with a cleat on the end next to the operator some 8 inches long, and at right angles with the saw. It moved in a groove sunk in the table even with its surface. The function of this carriage was to assist the operator of the machine in cutting the shingle blocks the proper length, and, further, as the plaintiff claims, to enable him to keep the timber straight,—that is, at a perfect right angle with the saw,—and to shove it with safety to the saw. When the plaintiff was set to operate this machine, the carriage was entirely wanting, and so continued during all the time he operated it. His claim is that the absence of this carriage greatly increased the danger and hazard of operating the machine, and rendered it defective and unsafe, and that the defendant was guilty of negligence in failing to provide such carriage, which resulted in his injury.

The evidence as to the necessity of the carriage in operating the machine, and whether its absence rendered the machine unnecessarily unsafe, and increased the risk in operating it, was conflicting. The plaintiff's evidence tended to show that in operating the machine without the carriage the operator is not always able to hold the timber to be sawed firmly and straight, and is liable to move one end faster than the other, and, if he does, the saw will bind, and the timber suddenly stop, and then his hands are liable to slip. But with the carriage he is able to hold the timber firmly and straight, and shove it to the saw with greater safety than without it. The defendant's evidence tended to show that the carriage was of little, if any, practical utility, and that its absence did not render the machine less safe. The evidence to sustain the plaintiff's claim that the defendant was guilty of negligence in the premises whereby he was injured was such as to make the question one for the jury.

2. The questions whether the plaintiff was not guilty of contribu-

tory negligence, and whether he assumed the risk of using the de-fective machine, are more doubtful.

The plaintiff was injured on September 8, 1895. He had operated the machine about three weeks prior thereto, but he had worked in the mill from the May previous, and near the machine. Other-wise he had never worked in a sawmill or on a machine of this kind. While operating the machine, he became acquainted with the man-ner in which it worked, and its liability to bind or clog, but it is far from clear that he knew or appreciated the risk and liability of his being injured by such binding or clogging. He testified sub-stantially that there was no carriage on the machine at any time while he was operating it; that he saw the groove in the table, but did not know what it was for, and did not think there was any danger in using the machine; that he did not know the cause of the binding; that he was always careful to keep his hands on the tim-ber on each side of the saw, so that in pushing it his fingers would not go up against the saw, for he well knew that if his hand came in contact with the saw it would be cut off.

It is not entirely clear from the evidence just how or why his hand came in contact with the saw. His statement is that he was operating the machine on the night of his injury, when, at about four o'clock in the morning, as he was cutting a piece of wood for shingle stock, and had shoved it about half way through, the stick bound and stopped, and his hand slipped over it, and went into the saw. On his cross-examination he describes the accident in these words: "The piece caught in the saw, clogged. My hand slipped over just as it stopped. When the piece caught in the saw, my hand slipped, and it cut off three fingers and a portion of my hand. * * * There was a slight catch in the piece of wood I was sawing, and my hand slipped over and was caught by the saw. That is just the way it happened, as near as I can tell it." His final version of the accident, as given on his redirect examination, is the follow-ing: "The stick I was pushing that night simply stopped and bound suddenly, and my hand slipped over the edge of the stick. The sudden stopping of the stick caused my hand to slip. It is more than I can tell you how my hand struck the saw; it went so quick."

If the burden was on the plaintiff to establish affirmatively that he was free from contributory negligence in the premises, we should

hesitate before saying that he had done so. But the question for
our decision is whether, as a matter of law, it affirmatively appears
from the evidence that he was guilty of such contributory negli-
gence. The only evidence in the case as to how the accident hap-
pened is that of the plaintiff, already indicated, and, in view of
his age and experience, and the time and nature of his employ-
ment, when injured, we cannot say that fair-minded men of ordinary
intelligence might not differ as to the inference to be drawn from
this evidence as to his negligence. The question, then, was one for
the jury.

The verdict, on this question, and also as to the question whether
the plaintiff voluntarily assumed the risks of operating the machine
in its defective condition, is sustained by the evidence.

3. The trial court admitted certain expert evidence as to the com-
parative safety of operating the saw in question with and without
the carriage. This is assigned as error, for the reason that there
was nothing complicated about either the machine or its operation.
The effect of operating a "bolting saw" with or without a carriage
attachment, as to the safety of the operator, is not a matter of such
common knowledge as to preclude the giving of expert testimony
on the subject. Neubauer v. Northern P. R. Co., 60 Minn. 130, 61 N.
W. 912.

Order affirmed.