MARY THIEL v. CHARLES D. KENNEDY.[1]

January 3, 1901.

Nos. 12,339—(179).

**Defective Machinery—Evidence.**

Evidence considered and *held* that it is sufficient to sustain a finding of the jury to the effect that the plaintiff lost her arm by reason of defects in the appliances of a drier in the defendant's laundry, which he might have discovered and remedied before the accident by the exercise of due care.

**Evidence of Experiments.**

The question as to the admissibility of evidence of experiments is one which must be left to the discretion of the trial court, unless it clearly appears that the discretion has been abused.

**Belt Shifter—Expert Evidence.**

The construction and use of a belt shifter are not matters of such common knowledge as to preclude the giving of expert evidence on the subject.

**Newly-Discovered Evidence.**

The trial court did not abuse its discretion by refusing to grant a new trial on the ground of newly-discovered evidence.

Action in the district court for Ramsey county to recover $5,000 damages for personal injuries. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*T. D. Sheehan* and *D. J. Keefe,* for respondent.

[1] Reported in 84 N. W. 657.

START, C. J.

This is a personal injury action, and the defendant appeals from an order denying his motion for judgment or for a new trial.

The plaintiff on August 2, 1899, lost her right arm while operating for the defendant, in his laundry, a machine known as a "centrifugal extractor" or "clothes drier." This machine is put in and out of motion by shoving a belt, which runs from the drive pulley on the line shaft, from a loose pulley to a fixed pulley, close together, on the countershaft, and vice versa. The appliance whereby the belt is thus transferred from one pulley to the other is known as a "shifter" or "lever," which has a handle suspended in a perpendicular position, and can be used conveniently by the operator of the machine, which is started or stopped by pushing this handle forward and back, whereby the driving belt is thrown on or off the drive pulley. To stop the impetus of the machine, it has a foot brake. At the time of the accident the plaintiff placed some clothes in the drier and started it, and when they were dried she stopped it absolutely, as she claims, by pushing the lever back, whereby the belt was thrown onto the loose pulley, and by putting her foot on the brake. She then put her hand into the drier to take out the clothes, when the drier started by reason of the belt slipping from the loose to the fixed pulley, and the lever flew back and hit her in the face, and her arm was taken off by the revolving of the drier.

The contention of the plaintiff is that the drier was started because the pulley on the line shaft was untrue, and that the belt and shifter were in a defective condition. This is denied by the defendant, and the principal question for our consideration is whether the evidence is sufficient to sustain a finding that such appliances, or some of them, were in the condition alleged; that such defects caused the injury; and that the defendant might, by the exercise of due care, have discovered and remedied them in time to have prevented the accident.

There was evidence given on the trial tending to show that the appliances were defective, as claimed; that the defects could have been discovered and remedied by the exercise of due care; and that they caused the injury complained of. It is

true that the drier and its appliances were subjected to the test of actual and successful operation, without any starting of the machine except when the operator used the lever, for weeks before and immediately after the accident, without any change in the condition of the appliances. And, further, there was no breaking or giving away of any of the appliances when the accident occurred. This is potent, but not conclusive, evidence that there were no defects in the appliances which could have caused the accident, or which could have been discovered and remedied by the defendant by the exercise of due care. There was direct evidence tending to show that the appliances were obviously defective. In this respect this case is distinguishable from those cited and relied upon by the defendant's counsel, of which Burke v. Witherbee, 98 N. Y. 562, is a notable example. Upon the whole record, we hold that the evidence was sufficient to sustain the verdict in this case.

On the trial the defendant offered to show

"That on last Saturday, with the wringer in the same position as it was on the day of the accident, with the belts in the same position as they were on the day of the accident, and with the shifting lever in the same position as on the day of the accident, and with a girl of the size of the plaintiff in the most exposed position, or the position nearest to the belt and nearest to the shifting lever, when standing in the position naturally occupied by a person taking clothes out of the wringer, and in the position the plaintiff said she occupied at the time of the accident, when the lever was thrown over it would not come within a foot or a foot and a half of her head or body."

The court sustained an objection to this offer, and the ruling is assigned as error. The offer was to show the result of an experiment made in the manner and subject to the conditions therein stated; and it is clear that, if the defendant had been permitted to give evidence tending to prove the facts recited in the offer, it would have tendered collateral issues, as to whether the girl, belt, and lever were in the same position as they were when the accident happened, and as to the fairness of the experiment. It was not error to reject the offer, for the question of the admissibility of evidence of experiments is one which must be left to the

discretion of the trial court, and its decision thereon will not be interfered with, except where it clearly appears that the discretion has been abused. Smith v. St. Paul City Ry. Co., 32 Minn. 1, 18 N. W. 827; 12 Am. & Eng. Enc. 400.

The court did not err in overruling the defendant's objection to testimony as to the condition of the belt at the time of the trial, for there was other evidence in the case tending to show that the belt was then substantially in the same condition as it was when the accident occurred. Nor did the court err in receiving expert testimony as to the construction of the belt shifter, for its construction, use, and operation are not matters of such common knowledge as to preclude the giving of expert testimony on the subject. Neubauer v. Northern Pac. R. Co., 60 Minn. 130, 61 N. W. 912; Olmscheid v. Nelson-Tenney L. Co., 66 Minn. 61, 68 N. W. 605.

The defendant further urges that the court erred in not granting his motion for a new trial on the ground of newly-discovered evidence. We find in the record no assignment of error raising this question, although counsel for the respective parties seem to assume the contrary, and have discussed the question in their brief. Waiving the question as to the assignment of error, we hold that the trial court did not abuse its discretion in denying the motion for a new trial for the reason urged.

Order affirmed.