### NEW YORK BISCUIT CO. v. ROUSS.

(Circuit Court of Appeals, Second Circuit. May 28, 1896.)

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER—QUESTION FOR JURY.

Plaintiff, a lad of 18, was employed by defendant, a manufacturer of crackers and biscuits, in helping the baker and "pulling scrap," occupations which were not dangerous. Plaintiff's foreman told him, on one occasion, to take some dough, and break it on a machine known as the "dough-breaker." Plaintiff objected that he had never done it before, and did not know how, whereupon the foreman left him, without saying anything. For several days thereafter plaintiff was told there was no work for him, but he was finally re-employed at the same work as before. After such re-employment, he was again told by the foreman to break up dough on the dough-breaker. He attempted to do it, and while engaged in the attempt his hand was caught in the rollers on the machine, and so crushed as to make amputation necessary. The machine consisted of a sloping trough, leading to a pair of rollers, run by power, through which the dough was passed, and drawn out by the operator's left hand. It was obvious that there was some danger, in operating the machine, of the fingers of the right hand being caught while pressing the dough down to the rollers, which was the way in which plaintiff was injured, but there were certain other special risks connected with the use of the machine, and certain precautions which could be taken, and were taken by those properly instructed in its use, of which plaintiff knew nothing, and as to which no instruction was given to him. *Held*, that the question of defendant's negligence in failing to give plaintiff instructions in the use of the machine was properly left to the jury.

2. CHARGING JURY—MISSTATEMENT OF ARGUMENT—CORRECTION OF ERROR.

   When the court, in charging the jury, states an argument of the defendant's counsel in a manner claimed by him to be inaccurate, the taking of an exception to such misstatement, in the presence of the jury, sufficiently corrects the error.

3. EVIDENCE—DANGERS OF MACHINERY.

   It is not error, in an action involving the question of negligence in setting an inexperienced person to work on a dangerous machine, to permit a witness, familiar with the working of the machine, to describe what dangers there were about it, and what precautions were necessary to avoid them; and to testify that the men usually employed upon it were of mature age, the plaintiff being a young lad; and that, before being set to work, such men were carefully instructed in the use of the machine.

In Error to the Circuit Court of the United States for the Southern District of New York.

This case comes here upon writ of error to review a judgment of the circuit court, Southern district of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below, for $10,000. The action was to recover damages for personal injuries, caused by the negligence of plaintiff in error, who was defendant below.

Hamilton Wallis, for plaintiff in error.

David Levintritt, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The plaintiff, a boy of 18, went into the employ of defendant, a manufacturer of crackers and biscuits, in May, 1892. Until the following July, except for a few weeks, when he was sick, he was employed in helping the baker at the oven. Thereafter, for a few days, he was set to work "pulling scrap." So far as appears, neither of these occupations was dangerous. Thereafter the foreman told him to take the dough, and break it on a machine known as the "dough-breaker." Plaintiff testified that in response to such direction "I told him that I never done it before; I don't know how to do it; and he left me and went away." When plaintiff returned the following day, he was told there was no work for him at that time, and to come around the next day. He did that for several days, and finally, on July 20th, was re-employed, first at sweeping, and afterwards at pulling scrap, and then about 1 o'clock the foreman told him to "take the dough and break it up; take it over to the break machine and break it up." Influenced, possibly, by the recollection of the cessation of employment which followed his former refusal, plaintiff took a mass of dough in his hands, put it on the break machine once, and let it go through, and it came out in three slices, and, as it had to come out in one piece, he took the dough again, and pressed it down with his right hand, using his left hand to catch hold of it as it came out between the rollers. The fingers of his right hand got caught between the rollers, and his hand was crushed, which necessitated amputation. The dough-breaker consists of a trough placed on an incline above two rollers of about 10 inches diameter. The dough is placed in this trough, and pressed

down with the right hand, and as it emerges from the rollers is pulled out with the left hand upon a shelf placed below the rollers. The rollers are driven by power, and of course it was apparent to any one of ordinary intelligence that there was some risk connected with its operation. There was evidence in the case, however, from which the jury might find that there were special risks connected with the operation, the existence of which would not be appreciated by an inexperienced person; that it was a treacherous machine, by reason of the fact that the dough obscures the rollers, and so it does not look dangerous when the dough is put on top; that to insure safety the operator must be careful to look only at the dough above the roller, and not allow his eyes to wander to the sheet of dough coming out from beneath them, trusting his left hand to find that sheet without the help of his eyes; that whenever it is necessary to give the dough a push the closed-up fist should be used, and thus the risk of the fingers being caught in the sticky dough, and so drawn between the rollers, avoided. There is no pretense that any instructions as to how he might operate the machine with safety were given to the plaintiff. The negligence of the defendant on which plaintiff relies was the failure of defendant or its foreman to give such instructions. The plaintiff in error concedes that "ordinarily, where an accident happens in the use of a machine inherently dangerous, the absence of instructions as to its mode of operation, and the failure to point out the dangers attendant upon such operation, are imputed to the owner of the machine as negligence." But it is contended that a verdict should have been directed in favor of the defendant upon the equally well-settled exception to the rule, viz. that when it appears affirmatively that the injured party was possessed of a full knowledge of the character of the machine which he was operating, the failure to instruct is no longer negligence. There was no evidence in the case, however, that plaintiff had any knowledge of the two main sources of danger in operating, viz. the failure to keep the eyes always on the right hand and never on the left, and the risk of pushing the dough above the rollers with an opened hand. The description which plaintiff gave on the trial of the working of the machine, on which plaintiff in error principally relies, includes, of course, the experience gained by the accident itself. It was, upon the proof, fairly a question for the jury to determine whether the accident happened by reason of the machine exposing its operator to dangers of which the plaintiff knew nothing, which he had no reason to anticipate, and of which no one warned him.

The remaining assignments of error may be briefly disposed of. At the close of the charge defendant's counsel excepted "to so much of the charge that states, in effect, that if the plaintiff was at work at this machine without instructions, defendant was guilty of negligence." To this the court replied: "I did not charge that. If I did charge it, I will retract it now." Thereupon defendant excepted "to so much of the charge as states, in effect, that if the plaintiff was directed to operate the machine without instructions, or without adequate instructions, the defendant was negligent."

The error complained of is that as thus stated the element of plaintiff's knowledge of the danger is eliminated, there being no obligation to instruct as to risks or dangers of which the employé is fully informed, or which would be apparent to persons of ordinary prudence and sagacity. The difficulty with the exception, however, is that it does not correctly state the charge. The instruction as given to the jury was: "If, when he was hurt, he was at work there pursuant to the directions of the foreman, and, *being an inexperienced lad*, had been put to work upon a dangerous machine without proper instructions to enable him to conduct himself safely in operating it, then the defendant is guilty of negligence." Upon the facts in proof this was a correct statement of the law. The court, having instructed the jury as to the law of contributory negligence, no exception to such exposition of the law being noted, proceeded as follows: "Now, gentlemen, what are the facts? Do you believe this young man voluntarily undertook to run this machine? Is it quite reasonable to believe that he would have dared to do so? Is it probable that while he was there, getting his pay for doing other duties, that he would attempt to interfere with the operation of this machine, even supposing that the man who had been operating it was temporarily absent? It is said, on the other hand, that it is unreasonable to suppose that the foreman would have directed him to operate the machine, inexperienced as he was." This last sentence was excepted to, "as that was not the ground upon which the unreasonableness of the foreman directing him was placed in the case." It is difficult to appreciate the meaning of this exception, and the brief does not give us much light upon it. It is suggested that the language used by the court tended "to minimize the defense in the minds of the jury." In what way it accomplished this is not apparent. At the most, it was a mere statement, not of the evidence, but of what the court understood to be one of the arguments of defendant. Whether the court did or did not correctly state such argument the record gives us no means to determine; but, if it incorrectly stated defendant's argument on the point, the taking of the exception in the presence of the jury corrected such misstatement.

The next exception is to so much of the charge as "charges, in effect, that it is improbable that plaintiff thought that he could operate the machine without danger of losing his right hand." Careful examination of the charge fails to disclose any sentence which conveys any such instruction. The excerpt in the brief purporting to be taken from the charge is not an accurate transcription, and the paragraph from which it is evidently derived leaves it to the jury to determine whether it was probable that plaintiff would undertake to operate the machine if he had known he could not operate it safely without instructions, which is quite a different proposition from that stated in the exception. We find no error in the admission of evidence given by the witness Russell, an experienced operator on the dough-breaker machine. He was asked, "Is that a dangerous machine?"—a question which was properly excluded, the court allowing him to describe what dan-

ger there was of getting the hands caught in the machine, and what precautions witness had to take to prevent it. This was proper expert evidence. The answers show that there were peculiarities about the machine, and peculiar precautions required for safe operation, which only an experienced operator could properly describe. We find no error in the admission of proof that the men regularly employed by defendant on the dough-breakers were men of 35 and 40, and that when Russell was set to work at the dough-breaker he received careful instructions. Such evidence tended to show the character of the machine, and the fact that defendant knew it had elements of danger, which called for experience in its operator.

The judgment of the circuit court is affirmed.