GUSTAF PETERSON v. JOHNSON-WENTWORTH COMPANY.[1]

December 21, 1897.

Nos. 10,862—(206).

**Master and Servant—Injury to Employee—Failure to Fence Machinery—G. S. 1894, § 2248—Verdict Sustained by Evidence.**
In an action by a servant against the master for damages for an injury alleged to have been caused by the negligence of the master in failing to properly box or guard certain cogwheels in a sawmill, as required by G. S. 1894, § 2248, *held*, the verdict for plaintiff is sustained by the evidence.

**Same—Rulings of Court—Expert Testimony.**
Certain unimportant rulings of the trial court disposed of.

Action in the district court for Carlton county to recover $20,250 for personal injuries suffered by plaintiff while employed in the defendant's saw-mill. The trial resulted in a verdict of $4,000 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict, or for a new trial, Ensign, J., defendant appealed. Affirmed.

*H. Oldenberg* and *Draper, Davis & Hollister*, for appellant.
*John Jenswold, Jr.*, for respondent.

CANTY, J.

1. Plaintiff, while in the employ of the defendant corporation, in its saw-mill, was injured by getting his knee caught in a gearing; and he brought this action to recover damages for the injury on the ground that defendant was negligent in failing to properly cover or box the gearing so as to protect its employees, as required by Laws

[1] Reported in 73 N. W. 510.

1893, c. 7 (G. S. 1894, §§ 2248–2264). Plaintiff had a verdict, and from an order denying a new trial the defendant appeals.

This gearing was connected with a long "rollway," or "runway," used for conveying slabs, edgings, etc., from one part of the mill to another. The rollway consisted of a series of iron rolls set in across a long table. Some of the rolls were 2½ feet apart, and some were further apart. This table was 2½ feet high, 3 feet wide, and very long. The rolls were 2½ feet long, and 12 or 14 inches in diameter, and were set in across the table, so that the curved surface of each roll extended about an inch or two above the flat surface of the top of the table.

On a revolving shaft, extending along one side of the table, there was a beveled cogwheel near the end of each roll. There was a corresponding cogwheel on the end of the axle of each row, which engaged the cogwheel on the shaft, thus forming a beveled gear. When the shaft revolved, it in turn revolved all the rolls in the long table in one direction, so that the slabs and edgings placed lengthwise on one end of the table or rollway were carried along to the other end. Each gearing was covered by a cast-iron cap, which extended down about halfway on each cogwheel. The lower half of each cogwheel was exposed, and that was the most dangerous part of it, because each pair of wheels revolved towards each other at the bottom, and the teeth came together at the bottom, and engaged each other as they came up, so that anything that came in contact with the lower side of the gearing was likely to be drawn into it.

The end of the long shaft extended to within about five feet of the end of the table. There was a beveled cogwheel on the end of this shaft which engaged the beveled cogwheel on the axle of the last roll. This last-mentioned cogwheel extended beyond the end of the shaft about 10 or 12 inches. This particular gearing was more dangerous than the others, because the shaft did not extend along outside of the point where the cogwheels meshed together, so as to act as a guard in keeping a person at work near the gearing from getting caught in it. The cogwheels had a speed of 110 revolutions per minute.

Plaintiff was first employed to work in this mill at 7 o'clock in the evening of the day on which he was injured, went to work im-

mediately with the night crew, and worked about two hours, when the injury occurred. He worked helping around the mill and scraping sawdust off the floors. The rollway was in the habit of clogging up and, when it did so, the slabs and edgings which collected had to be taken off. The foreman ordered plaintiff to clear the rollway, which he did. The foreman assisted plaintiff in throwing off the slabs, and in doing so stood at or near the place in which plaintiff was afterwards injured. Plaintiff was ordered by the foreman to clear the rollway whenever it clogged up. About 15 minutes afterwards it clogged up again, and while plaintiff was taking the slabs off of it his knee was caught in the last-named gearing, at the end of the shaft; and the kneecap was crushed and taken off, and the bones badly injured. The point at which each pair of beveled cogwheels meshed together was about two feet from the floor, while to the center of plaintiff's kneecap, as he stood on the floor, was 19 inches from the floor.

Plaintiff's witness testified that as he stood in the angle formed by this beveled gear, and placed his leg in an erect position against the cap on the top of the gearing, his leg came within an inch and a half of the cogs on the wheels. Defendant's witness testified that, as he stood in the same position, his leg was three inches from the cogs. But a person working in such a place will naturally bend his knee as he stoops down, and straighten it again as he rises up. And when plaintiff bent his knee and projected it under the gearing, as he stooped over the table, his pants might easily have got caught in the cogwheels and have drawn his knee up into them.

Laws 1893, c. 7, sec. 1 (G. S. 1894, § 2248), provides that all machinery

"In any factory, mill or workshop shall be so located as not to be dangerous to workmen or shall be, as far as practicable, properly guarded, fenced or otherwise protected. All dangerous places in or about factories, mills * * * near to which any employee is obliged to pass or to be employed, shall be securely fenced, enclosed or otherwise protected."

Whether it was practicable to box or cover this gearing more completely, so as to furnish better protection to the employees, and whether defendant was guilty of negligence in failing to box or

cover it more completely, were, on the evidence, questions for the jury. Whether or not plaintiff was guilty of contributory negligence, and whether he assumed the risk of the danger, were also questions for the jury.

He testified that he did not see this gearing, did not know it was there, and had not been informed of the fact or warned of the danger. The mill was well lighted up with electric lights, but such lights often cast dark shadows, which might well obscure the gearing under the iron caps. There was much noise in the mill, so that he might not have heard or distinguished the noise of the gearing in question. Plaintiff had worked around sawmills for years, doing outside work, and for a few months had worked around the machinery on the inside; but he had only been in this mill a couple of hours, and did not have much opportunity to become familiar with his surroundings before he was injured.

2. Appellant assigns as error a number of the court's rulings on the trial. Assignments of error 6 to 9, inclusive, assail the rulings of the court in sustaining objections to further cross-examination after the same matters had already been gone over thoroughly and repeatedly, and are not well taken. Assignment of error No. 10 assails the ruling of the court in permitting a witness to testify that there were no guards on the side of the gearing, after he had already so testified, and is not well taken.

Assignments of error 11 to 14, inclusive, challenge the correctness of the rulings of the court in permitting plaintiff's witness to testify as to whether a guard could have been placed around the gearing in question, and whether it was practicable to place one there. We are of the opinion that the evidence was competent expert evidence, and whether the witness was qualified as an expert to testify as to these matters was, on the evidence, a question of fact for the trial judge. The court did not err in modifying appellant's eleventh request to charge the jury, nor in giving respondent's third and fifth requests. There is nothing in the questions raised as to any of these rulings which requires any extended discussion.

These are all the questions raised having any merit, and the order appealed from is affirmed.