Charles W. Pardridge et al., Copartners as Pardridge
& Netcher, v. Michael Gilbride.

1. Limitations—*Amended Counts.*—In an action for personal in-
juries founded upon negligence in furnishing a defective elevator and
machinery, an amended count which sets up a promise to repair, while
it might affect the question of contributory negligence of the plaintiff
in continuing in the use of the defective machinery with the knowledge
of its defects, it does not constitute a new ground of action and is but a
restatement of the original cause to which the plea of the statute of
limitations does not present a bar.

2. Perils—*When Not Assumed as an Incident to an Employment.*—
The danger of injury by reason of a defect in a passenger elevator of
which an employe has knowledge, is not, as a matter of law, under the
circumstances of this case, an assumed peril as an ordinary incident to
his employment.

3. Evidence—*Official Inspection of Passenger Elevators, Competent.*—
In an action for personal injuries alleged to have been caused by a de-
fective passenger elevator, evidence showing an inspection of the
elevator by an official inspector is competent as tending to show an
exercise of some degree of care by the proprietors.

4. Instructions—*Based upon the Allegations of the Declaration.*—
In an action for personal injuries, an instruction stating that if the
jury believed from preponderance of the evidence that the plaintiff,
while in the exercise of ordinary care, was injured by or in consequence
of the negligence of the defendants as charged in the declaration, they
should find the defendants guilty, is proper in cases where the court by
other instructions informs them that it is essential to a recovery that he
establish by a preponderance of the evidence that he was ignorant of
the defect in question.

5. Contributory Negligence—*What is Not. as a Matter of Law.*—
The fact that an employe upon leaving a passenger elevator immediately
went back to it, lifted up the door of the elevator shaft and without
looking to see if it was still there, stepped sideways into the shaft, fell
to the bottom and was injured, can not be held *per se* as a matter of law
to constitute negligence, as it was a question of fact to be submitted to
the jury for their determination whether, under all the surrounding cir-
cumstances of the case, the act of the plaintiff constituted negligence.

6. Verdicts—*Against the Weight of the Evidence to be Set Aside.*—
In an action for personal injuries, where it is apparent that a preponder-
ance of the evidence establishes the fact that the plaintiff was guilty of
negligence which contributed to his injury, a verdict in his favor will
be set aside as against the manifest weight of the evidence.

**Trespass on the Case,** for personal injuries. Appeal from the Superior
Court of Cook County; the Hon. Theodore Brentano, Judge, presid-

ing. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed November 21, 1901.

**Statement.**—This suit was brought by appellee to recover for injuries sustained by him while in the employ of appellants and which, it is charged, resulted from negligence of appellants. Appellee was conductor of a freight elevator and had been so engaged for two years. During this time there had been a defect in the elevator or in the machinery which regulated its operation, by which the elevator when left without control was moved slowly upward. This defect is characterized by the witnesses as "creeping." It is uncertain from the evidence just what caused this "creeping"—whether it was by reason of old and defective valves, lack of packing, or an uneven length in the cables. There was evidence tending to show that complaint had been made as to this defective condition of the elevator by appellee and by another, and that the chief engineer of appellants had promised to remedy the defect. At the time of the injury appellee, in performance of his duties, took the elevator to the sixth floor of appellant's building to get a barrel of flour; when he reached the sixth floor he opened the wooden door of the elevator shaft, got out upon the sixth floor and closed the door of the shaft again. The door of the elevator shaft was opened and closed by pulling it up and down. Appellee found that the barrel of flour had already been taken below, and he thereupon returned to the elevator shaft for the purpose of taking his elevator down again. During his absence the elevator had crept up to the floor above. Appellee testified that in order to get through the door of the elevator shaft, one is obliged to stoop. He lifted up the door of the shaft, stooped and stepped sideways into the elevator shaft and fell to the bottom of the shaft. As a result of the fall appellee sustained very severe injury. The cause was submitted to a jury and a verdict for appellee was returned, by which his damages were assessed at $6,000. From judgment thereon this appeal is prosecuted.

Walker & Payne, attorneys for appellants.

THEODORE G. CASE, attorney for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The various grounds upon which it is urged by the learned counsel for appellants that this judgment should be reversed, are: First, that appellee is shown by the evidence to have been guilty of contributory negligence; second, that the danger of injury by reason of this defect in the elevator was an assumed risk; third, that the court erred in the giving of certain instructions; fourth, that the court erred in excluding evidence of an inspection of the elevator by a city official; fifth, that a plea of the statute of limitations to an additional count filed by way of amendment to the *narr.* was a good plea, and that the court erred in sustaining a demurrer to it.

We will consider these grounds, but not in the order presented.

The fourth or additional count, filed on November 3, 1900, which was more than two years after the occurring of the injury, as laid in the original *narr.*, charged that the elevator and its machinery were defective, and also alleged a promise by the appellants to repair. The new element in this count is the promise to repair. But we do not regard this as constituting the gist of the action. The count is based upon the same negligence of the appellants as is alleged in the original counts, viz., maintaining for the use of their employe a defective appliance, and the allegation of a promise to repair, while it might affect the question of any contributory negligence of the appellee in continuing in the use of the defective apparatus with knowledge of its defects, does not constitute the ground of action. Negligence in furnishing defective elevator and machinery is the gist of the action, and this is alleged in the original counts, as in the new count. Therefore the new count was but a restatement of the same cause of action which was set up by the original counts, and the plea of the statute does not present a bar, and the learned trial court was right in sustaining demurrer to the plea. We are of opinion that it can

Pardridge v. Gilbride.

not be held as matter of law that the evidence here establishes that the danger which resulted in the injury to appellee was an assumed peril, as an ordinary incident to his employment. Nor would his knowledge of the defect make the danger resulting from such defect necessarily an assumed danger. It was essential to such a defense that it should appear that appellee was aware not only of the defect, but as well of the perils incident thereto. Union Show Case Co. v. Blindauer, 175 Ill. 325.

And in any event the evidence of a promise by appellants to repair the defect would, if credited by the jury, afford ground for a finding by them that the risk was not assumed. Swift v. O'Neill, 187 Ill. 337; Ill. Steel Co. v. Mann, 170 Ill. 200.

We are of opinion that the court erred in excluding the evidence proffered by appellants to show an inspection of the elevator by a city official. Appellants had the right to establish by competent evidence that they had exercised ordinary care in the furnishing of this appliance to their employe. To show that they had procured an inspection of the elevator and its machinery by an official inspector, while not conclusive of this fact, would nevertheless be an item of evidence tending to show an exercise of some degree of care. We think it was competent. Sack v. Dolese, 137 Ill. 129; McGregor v. Reid, Murdoch & Co., 178 Ill. 464; and Springer v. Ford, 88 Ill. App. 529.

The instructions complained of are the third and fifth tendered by counsel for appellee and given by the court. The third instruction was as follows:

"The court instructs the jury that by the law of this State the plaintiff is a competent witness to testify in his own behalf and the jury have no right to refuse to take his testimony into consideration because of such fact. In determining its weight and value, the jury have a right to consider that such witness is interested and then determine whether or not his testimony has been affected by his interest in the result of the suit. The weight of the testimony of an interested witness may be just as worthy of belief as a disinterested witness. The jury are the judges of his credibility the same as they are the judges of the credibility of each

and every witness in this case and of the weight to be given to his evidence as well as the weight to be given to the evidence of the other witnesses, each and all of them."

We are of opinion that there was no reversible error in the giving of this instruction. The abstract proposition embodied in the instruction, that " the weight of the testimony of an interested witness may be just as worthy of belief as a disinterested witness," might better have been omitted from the instruction, for in the absence of further information to the jury it was calculated to mislead them. But at the same time that the instruction informed the jury that " the weight of the testimony of an interested witness may be just as worthy of belief as a disinterested witness," it also informed them that " in determining its weight and value the jury have a right to consider that such witness is interested and then determine whether or not his testimony has been affected by his interest in the result of the suit."

The fifth instruction was as follows:

" If the jury believe from the preponderance of the evidence that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendants, as charged in the declaration or either one of the counts thereof, then you can find the defendants guilty."

The giving of like instructions in cases where the doctrine of assumed hazard is relied upon in defense has been condemned in The Herdman Co. v. Spehr, 145 Ill. 329, and in C., R. I. & P. Ry. Co. v. Cleveland, 92 Ill. App. 308.

The reasoning of these decisions, as applied to the facts of this case, is that the instruction purporting to inform the jury as to all the elements essential to a recovery should not have omitted any instruction as to this element, viz., a showing that appellee was unaware of the perils incident to the defect in the elevator and its machinery, or a showing of a promise to repair.

In Herdman v. Spehr, *supra*, the court said, in speaking of a like instruction given in a case where the defense of assumed hazard was asserted:

Pardridge v. Gilbride.

" The foregoing instruction ignores entirely the question as to whether plaintiff assumed the hazard of his employment. Under it the jury was required to find for the plaintiff, even though they may have believed from the evidence that he had all the intelligence and information of a man of maturest judgment, under like circumstances, and as fully appreciated the danger to which he was exposed. The requirement in the instruction that he must have used reasonable care and prudence, ' considering his age and experience,' has no reference to the risk or hazard of his employment."

By a later decision of the Supreme Court, in City v. Kostka, 190 Ill. 130, it was held that the giving of a similar instruction was not error. The instruction in that case was that " if the jury believe from the evidence that the plaintiff has made out his case, as laid in the declaration, by a preponderance or greater weight of the evidence, they must find for the plaintiff," etc. The ground upon which the instruction was approved, was that, as the declaration alleged the exercise of due and ordinary care for his own safety by the plaintiff, therefore it negatived by implication that he had knowledge of the defects by reason of which he was injured. But in the opinion of the court in that case it is stated :

" It may be observed in this connection, however, that the court did give to the jury on behalf of appellant instructions which required them to find, as one of the conditions to appellee's right of recovery, that he did not know, or could not have known by the exercise of ordinary care, that the ditch or sewer in which he was working was unsafe, and that his means of knowledge were not equally as good as those of the city."

In this case, as in the Kostka case, the court did by other instructions inform the jury that it was an essential to a recovery that appellee should establish by a preponderance of the evidence that he did not know of the defect in question. Therefore we hold in accordance with the decision in City v. Kostka, *supra*, that there was no reversible error in the giving of this instruction.

There remains to be considered the contention that the

evidence discloses that appellee was guilty of negligence which contributed to his injury.

The evidence establishes that appellee, when he went back to find his elevator, lifted up the door of the elevator shaft, and without looking to see if the elevator was still there, stepped sideways into the shaft. It appears that the shaft and the floor immediately about it were well lighted. We are of opinion that the mere fact the appellee stepped into the elevator shaft without first looking to see if the elevator was still there, can not be held *per se* and as matter of law to constitute negligence. It was still a question of fact to be submitted to the jury to determine whether, under all surrounding circumstances, the action of the appellee constituted negligence. The H. C. Co. v. Hahn, 189 Ill. 28.

In that case the plaintiff, an employe of the defendant, while attempting to pull and draw after him some canvas which he was attempting to spread out upon an upper floor of a building, walked backward into the elevator shaft when the elevator had been lowered from that floor. He had just come up in the elevator, bringing the canvas, and did not know that the elevator had been removed from that floor while he was engaged in spreading the canvas upon the floor. There was evidence that the space about the elevator shaft was poorly lighted, and it appeared that the plaintiff was working hurriedly under orders. But the fact was established that the plaintiff did not look to see where he was going in moving backward. The Supreme Court held that the trial court properly refused to direct a verdict for the defendant upon the ground of contributory negligence of the plaintiff. We are of opinion that in this case the trial court properly submitted to the jury the question of contributory negligence upon the part of appellee. But this conclusion in no way relieved the trial court, nor does it relieve this court from the duty of determining whether the verdict of the jury, finding in effect that appellee was not guilty of contributory negligence, is sufficiently supported by the evidence or is against the manifest weight thereof. Under our practice it by no means follows, because

the evidence is such as to make it proper to submit it to a jury, that therefore a verdict returned by the jury should not be set aside if against the manifest weight of the evidence.

We are of opinion that in this case the finding of the jury that the appellee was in the exercise of ordinary care for his own safety when injured, is against the manifest weight of the evidence, and that therefore the learned trial court should have set aside the verdict and granted a new trial upon this ground. Appellee walked into the elevator shaft without looking to see that his elevator was there on the level of the floor. There was no requirement of haste in his work at that time, so far as the evidence discloses. The elevator shaft and the floor about it were well lighted. We think it apparent that a preponderance of the evidence goes to establish that appellee was guilty of negligence which contributed to his injury, and that therefore the verdict was against the manifest weight of the evidence. Our duty in the premises is plain.

The judgment is reversed and the cause is remanded.