STONE & WEBSTER ENGINEERING CORPORATION v. MELOVICH.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,160.

1. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—DANGEROUS MACHINERY—ASSUMED RISK.

Plaintiff was injured by having his arm caught in certain unguarded cogwheels on the shaft of a gravel-washing machine, as he was oiling the same. The danger of getting his clothing caught in the wheels was obvious to a person of ordinary vision, but plaintiff did not appreciate the risk of the particular act he was performing at the time he was injured. He was a common laborer, had never before been employed by defendant to work about machinery, and had never seen any such machinery at the time he was directed to oil it, without warning as to the danger. There was but one confined space for him to stand while oiling the bearings, which required that he extend his arm over the unprotected cogs, which were revolving at such speed as not to be clearly visible. *Held*, that plaintiff did not assume the risk, as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. EVIDENCE (§ 513*)—EXPERTS—DANGEROUS MACHINERY—EVIDENCE—CUSTOM.

Where plaintiff was injured, while oiling certain shafts, by getting his arm caught in unguarded cogwheels, it was not error to permit an expert to testify whether it was customary for others by whom the witness had been employed to guard the cogwheels on similar machines, under the rule that the customs and usages of well appointed and managed concerns in the business under investigation is competent evidence to show the proper degree of care and diligence required under the circumstances.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2317, 2318; Dec. Dig. § 513.*]

3. EVIDENCE (§ 539*)—WITNESSES—EXPERTS—COMPETENCY.

Where a witness testified that he had had extensive experience in putting up machinery and around mixers of concrete, gravel machines, and compressors, and in general construction, and that he knew a good deal about concrete machinery, he was properly permitted to testify as an expert concerning the gravel-washing machine in controversy, by which plaintiff was injured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2349–2352; Dec. Dig. § 539.*]

4. APPEAL AND ERROR (§ 203*)—OBJECTIONS NOT MADE AT TRIAL—QUALIFICATIONS OF EXPERT.

An objection that a witness was not qualified to testify as an expert could not be made for the first time on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1064; Dec. Dig. § 203.*]

5. MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—DANGEROUS MACHINERY—CHANGES—EVIDENCE.

On an issue as to whether the defendant was negligent in failing to guard cogwheels of a machine by which plaintiff was injured, evidence as to what changes might have been made to render the machine more safe was admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

In Error to the United States District Court for the Northern Division of the Western District of Washington; C. H. Hanford, Judge.

Action by Eli Melovich against the Stone & Webster Engineering Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Kerr & McCord, of Seattle, Wash., for plaintiff in error.

Herbert W. Meyers and Charles A. Enslow, both of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The parties will be designated here as they were in the court below. The plaintiff, while in the employment of the defendant, lost his arm while oiling the bearings of certain cogwheel shafts. In his complaint he alleged negligence, in that the cogwheels were not properly guarded. The defendant denied the negligence, and set up the defenses of assumption of risk and contributory negligence. The jury returned a verdict for the plaintiff, and thereupon judgment was rendered.

The cogwheels in which the arm of the plaintiff in error was injured were used in operating an elevator for carrying gravel from a pit to a gravel-washing machine, and were placed about 25 feet above the ground. About 4 feet beneath the cogwheels was a platform, about 4 feet wide and 6 feet in length, covered with a shed. On either side of the platform timbers or supports were placed, about 4 feet above the platform. Across the platform extended two shafts, which rested upon those timbers. Upon each shaft were two cogwheels. On the outer shaft were two wheels, of 25 inches in diameter, and on the inner shaft were two wheels of 5 inches in diameter each, and the cogs

interlaced. In oiling the bearings of the shaftings, the oiler stood upon the platform with his back to a large belt wheel and belt, the belt reaching as high as his neck, and with his face to the cogwheels. He used an oil can about 12 inches in length. The plaintiff oiled the bearings on his right hand facing the cogwheels, and thereafter he undertook to oil the bearings on the left side, and in so doing his clothing was caught in the revolving cogwheels, and his arm was drawn therein and crushed. He testified that he had to reach over to oil the inner shaft bearings, and that the boards were so nailed that he could stand but in one place; that when the wheel was revolving he could not see the cogs. He said:

"It goes fast like the wind is blowing, and you could not see it."

There was evidence that the plaintiff was an uneducated man, very slightly acquainted with the English language; that he was hired in the capacity of a common laborer; that he had no knowledge of machinery or implements other than the pick and shovel; that he had never worked about machinery, and had never seen a set of cogwheels before beginning to work for the defendant; that he had never seen a gravel machine; that he knew nothing about the parts of any machinery for concrete mixing; that he had been working three weeks for the defendant when the injury occurred; that his regular work was to tend a motor machine on the ground; that the said motor machine was boxed, so that its machinery was covered; that he oiled the said motor machine only when it was at rest; that he had been sent up to oil the cogwheels on the platform above two or three times before the time of the accident, but that he was given no instructions as to the manner of doing the work, nor of the danger that he might encounter in doing it.

[1] The defendant urgently insists that its motion for an instructed verdict should have been allowed, on the ground that the dangers of the situation were known to the plaintiff and appreciated by him, and were therefore assumed by him as the risks of his employment; that the plaintiff had ordinary vision, and the machinery was plainly visible, and reference is made to his testimony, in which he said he knew that if he deliberately put his hand in a revolving wheel it would injure him, and added, "Any crazy man would know better." But there was testimony tending to show that the risk of the particular act which the plaintiff was engaged in performing at the time when he was injured was not known or appreciated by him. If it were true, as he testified, that he was but a common laborer, had never, before his employment by the defendant, worked with machinery, had never before seen that kind of machinery, and he was directed to climb upon the platform to oil the cogwheels, without any warning as to his danger or any instruction as to the precautions which he should observe to avoid injury, that there was but one confined space for him to stand in while oiling the bearings, so that he must needs extend his arm over the revolving, unprotected cogs, and that those cogs were revolving at such a speed as not to be clearly visible, and that he did not realize the danger therefrom, the court would not have been justified in indulging

the legal presumption that he must have known and appreciated the risks. Nor does such a presumption arise from the fact that the plaintiff knew it was dangerous to thrust his hands into the revolving cogs. The most ignorant laborer would have known that. The plaintiff was engaged in doing the act which he was instructed to do; and it is inferable from the testimony that while doing it he did not realize how far from the shaft the reach of the fingers of the revolving cogs extended, nor how inexorably they dragged to destruction any substance that came within their grasp. In Butler v. Frazee, 211 U. S. 459–466, 29 Sup. Ct. 136, 138 (53 L. Ed. 281), the court said:

"Where the elements and combinations out of which the danger arises are visible, it cannot always be said that the danger itself is so apparent that the employé must be held, as a matter of law, to understand, appreciate, and assume the risk of it."

[2] Nor was there error in permitting the witness Savage to answer, as an expert, the question whether it was customary for companies for whom he had been employed, operating machines such as that of the defendant, to guard the cogwheels. It is the general rule, subject to certain exceptions not pertinent here, that the custom and usage of well-appointed and well-managed concerns, in the business which is under investigation, is competent evidence as tending to show the proper degree of care and diligence required under the circumstances. Ohio Copper Mining Co. v. Hutchings, 172 Fed. 201, 96 C. C. A. 653; Chicago, G. W. Ry. Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 176 Fed. 237, 100 C. C. A. 41, 20 Ann. Cas. 1200; Lake v. Shenango Furnace Co., 160 Fed. 887, 88 C. C. A. 77; Northam v. Boston & Montana C. C. & S. Min. Co., 190 Fed. 722, 111 C. C. A. 450. In Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905, it was said:

"What usually is done may be evidence of what ought to be done. But what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not."

In Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 416, 12 Sup. Ct. 679, 682 (36 L. Ed. 485), the court approved the following charge to a jury:

"You fix the standard for reasonable, prudent, and cautious men, under the circumstances of the case as you find them, according to your judgment and experience of what that class of men do under these circumstances, and then test the conduct involved and try it by that standard."

[3, 4] There is no merit in the contention that the witness was not shown to have the necessary qualifications or experience to testify as an expert. He testified that he had had an extensive experience in putting up machinery, and around mixers of concrete and gravel machines and compressors, and in general construction, and that he knew a good deal about concrete machinery. No objection was made to his testimony on the ground that he was not shown to be qualified as an expert.

[5] It follows that the court did not err in admitting the testimony of the same witness as to what changes might have been made to render the machinery more safe. One of the issues in the case was

whether the defendant had been negligent in failing to guard the cogs, and upon that issue it was proper to show how it might have done. New York Biscuit Co. v. Rouss, 74 Fed. 611, 20 C. C. A. 555; Ohio Copper Mining Co. v. Hutchings, supra, 172 Fed. 206, 96 C. C. A. 653.

We find no error. The judgment is affirmed.