## BURK v. HOBART MILL & ELEVATOR CO.

### No. 4249.    Opinion Filed    June 29, 1915.

### (150 Pac. 458.)

1.  **VERDICT—Sufficiency of Evidence—Negligence of Master.** Evidence examined, and **held** sufficient to support a verdict for defendant company.

2.  **EVIDENCE—Testimony of Experts—Operating of Machinery.** In a suit for personal injuries, growing out of an attempt to clean and put oil into an oil cup while the machinery was in motion, where the machinery was of a complicated nature and not easily understood, evidence of an expert, explaining the operation of the machinery, and how the same could have been safely oiled, was admissible.

3.  **MASTER AND SERVANT—Injuries to Servant—Admissibility of Evidence—State Inspection of Factory.** It is not error to allow the defendant, a manufacturing concern, subject to inspection by the state factory inspector, to prove the fact that the appliances alleged to have caused plaintiff's injury had been officially inspected; such evidence is not, in any sense, conclusive; nor does it acquit the defendant of the charge of negligence, but it is a circumstance which, with all the other circumstances and evidence, may be considered by the jury.

(Syllabus by Brewer, C.)

*Error from District Court, Kiowa County;*
*Frank Mathews, Assigned Judge.*

Action by J. L. Burk against the Hobart Mill & Elevator Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Hays & Hughes,* for plaintiff in error.

*L. M. Keys,* for defendant in error.

Opinion by BREWER, C. Plaintiff in error, J. L. Burk, brought this suit as plaintiff below, and alleged that he had suffered, and therefore ought to recover damages for, personal injuries received by him while working in

defendant in error's flouring mill. His claim of negligence, and therefore of a cause of action, is based upon the allegation that the defendant negligently failed to provide safe machinery: (1) In that the main belt on the corn mill was improperly and defectly spliced, leaving rough and uneven surface and edges; (2) in that oil cups for oiling corn mill bearings had been broken and replaced with defective oil cups; and, further, that defendant had negligently failed to provide safeguards for such machinery. Plaintiff described his injury as follows:

"That plaintiff, while in the discharge of his duties in oiling machinery and cleaning said broken and defective oil cups which were not safeguarded, was, on the 1st day of October, 1910, caught by the arm and clothing therein by said defectively spliced belt and the uneven, rough, and rugged surface and edges thereof, and his arm was forcibly and violently drawn into the pulley, carrying said belt, thereby crushing, bruising * * * plaintiff's right arm."

The defendant, Hobart Mill & Elevator Company, after a general denial of any negligence, or that it used defective machinery or appliances, or that it failed to properly safeguard the same, pleaded that if plaintiff was injured, as he claimed, in the mill, it was because of his own negligence, and of his careless and wanton failure to regard his own safety, together with the defenses of contributory negligence and assumption of risk. The cause was submitted to a jury upon the evidence and under the instructions of the court, and a unanimous verdict was returned in favor of the defendant. In submitting the case to the jury, the court submitted for its decision the following special question of fact:

"Were the belt and pulley, where plaintiff is shown by the evidence to have been injured, properly safeguarded?"

Burk v. Hobart Mill & Elevator Co.

Which question the jury answered as follows:

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, in considering of the following questions, especially submitted to us by the court, * * * upon our oaths do return the following answer thereto: Answer, 'Yes.' "

This special question was answered in the affirmative by nine of the jurors, who signed their names thereto.

Several grounds are urged here for a reversal of the case: (1) That the verdict is not sustained by sufficient evidence; (2) error in the admission of evidence and in refusing competent evidence; (3) objection to instructions of the court as given, and to its failure to give certain requested instructions.

1. The contention that the evidence was not sufficient to exonerate the defendant from liability is entirely without merit. Had the plaintiff prevailed below, and the question as to the sufficiency of the evidence had thus come up, it would have been fraught with more difficulty; but we may add that we think the court was right in submitting the question to the jury, as was done. Under the evidence, which was conflicting in many material contentions, it was the duty of the jury to weigh and pass upon same. It has done so, and against the plaintiff. There was evidence which would have justified the jury in believing and finding that plaintiff's injury was the result of his own negligence in attempting to oil the machinery in the manner it was done. Besides, the questions, both of contributory negligence and assumption of risk, were in the case, and these questions were for the jury. The answer to the special interrogatory practically destroyed all the chances of plaintiff for a recovery. Thus the allegation as to the belt being improperly spliced and

left with rough edges, so that it caught his clothing, is left without proof to sustain it. This drove the plaintiff to a reliance upon the want of proper safeguards, and this—one of the points upon wihch the evidence was in serious conflict—was decided against him, and this left him with nothing to stand upon, in so far as this point is concerned.

2. The plaintiff, however, contends that the court permitted the introduction of incompetent evidence. Several witnesses, who were shown to have had experience in handling machinery, and especially this kind of machinery, were asked questions calling for an opinion. The following is a good sample of this testimony:

"Q. I will ask you to state, if you know from your own experience, the proper and safe way of oiling and cleaning an oil cup, at the west side of the idler in the bottom of the corn mill, as shown by the photographs, exhibits A and B?"

These witnesses, in answer to this and similar questions, testified in substance that the safe way to oil the cup or clean it was to stand in a certain position, facing to a certain direction, from which they could reach the cup by passing the hand west of the belt and pulley. Photographs of machinery, showing the parts and the relations, with belts and pulleys, and the various complicated appliances, were before the jury. We think this evidence was competent. One of the questions in the case was whether or not plaintiff, in attempting to oil the cup in the manner and from the position in which he was standing at the time, was not doing an exceedingly careless and dangerous thing, and whether or not there was not a safe way and manner in which the work could have been done, without the chance of danger. The

photographs of this machine are before us, as they were before the jury; and it shows a very complicated combination of belts, pulleys, etc., together with their various appliances and connections; and we apprehend the jury would have been enlightened and assisted in their efforts to arrive at the truth, by the, opinions and explanations of men familiar with, and experts in, the operation and handling of such complicated instrumentalities.

In the case of *Gammell-Statesman Pub. Co. v. Monfort*, 81 S. W. 1029, the appellate court of Texas said:

"It is permissible for an expert to state his opinion as to whether or not there is danger attending the operation of the machine, where it is difficult of description, so that the danger arising from its operation cannot be easily explained or understood."

It was also held proper for an expert in that case to state the reasons why an inexperienced person should not have been placed in charge of the machine. It has been held that the question as to whether switching frogs are dangerous, when unblocked, is a proper subject for the testimony of expert witnesses. *Schroeder v. C. & N. W. Ry. Co.*, 128 Iowa, 365, 103 N. W. 985. And in New York an expert witness was permitted to describe what danger there might be of getting the hands caught in a biscuit machine, and also what precautions ought to be taken in order to prevent it. *New York Biscuit Co. v. Rouss*, 74 Fed. 608, 20 C. C. A. 555. And in *Peterson v. Johnson-Wentworth Co.*, 70 Minn. 538, 73 N. W. 510, a witness in the trial court had been allowed to testify as to whether a guard could have been placed around certain gearing on a machine, and whether its use there would have been practicable, and on appeal the Supreme Court held:

"We are of the opinion that the evidence was competent expert evidence, and whether the witness was qualified as an expert to testify as to these matters was, on the evidence, a question of fact for the trial judge."

Many other cases, somewhat in point, could be cited. The following are a few of them: *Harrison v. N. Y. C. & H. R. R. Co.*, 195 N. Y. 86, 87 N. E. 802; *Erickson v. American Steel & Wire Co.*, 193 Mass. 119, 78 N. E. 761; *Warren's Adm'r v. Jeunesse* (Ky.) 122 S. W. 862; *King v. King*, 79 Kan. 584, 100 Pac. 503; *Hammer v. Janowitz*, 131 Iowa, 20, 108 N. W. 109; *Barrett v. New England Tel. & Tel. Co.*, 201 Mass. 117, 87 N. E. 565; *Wofford v. Clinton Cotton Mills*, 72 S. C. 346, 51 S. E. 918.

Plaintiff in error complains of certain other testimony, which was admitted, and which it is claimed constituted reversible error. This mill, it seems, is such a manufacturing establishment as is contemplated by and comes under the provisions of what is generally known, in popular parlance, as the Factory Act, as found in article 4, c. 42, Rev. Laws 1910. The particular evidence objected to was that the defendant was permitted to ask a witness whether or not the state factory inspector had inspected the mill; such witness answering that it had been inspected at different times, previous to the accident, and while the witness was the head man employed there. We think this evidence was admissible. It was not hearsay. It was the mere statement of a fact that an officer of this state, charged with the official duty of inspecting mills of this character, had been at the place and had inspected the same. We think that evidence of such an official inspection of the appliance causing the injury is competent as showing an exercise of some degree of care by the employer. The fact of inspection

would not, of itself, have absolved defendant from liability, or the duty of furnishing his servant with reasonably safe machinery, appliances, etc., with which and about which to work; but, as has been said, we think the fact of an official inspection was a circumstance to go, with the other circumstances and evidence in the case, to the jury for whatever it might be thought to be worth.

In the case of *Pardridge v. Gilbride*, 98 Ill. App. 134, which was a suit brought against an employer by a servant for injury sustained while operating an elevator, it was held that evidence offered by defendant to show an inspection of the elevator by an official city inspector was competent to show the exercise of some degree of care on the part of defendant, but that proof of such inspection was not conclusive evidence that ordinary care had been exercised. See not to *O'Connor v. Armour Packing Co.*, 15 L. R. A. (N. S.) 812; Bailey on Personal Injuries (2d Ed.) p. 555, sec. 253.

3. The only instruction complained of and brought into the brief of plaintiff in error relates to the question of burden of proof. The instruction is set out *in totidem verbis*, but no authority is advanced to sustain plaintiff's contention that it is either erroneous or insufficient. We have examined the instructions with care, and do not think that on this point they are subject to any serious criticism. We do not think it would serve any useful purpose to set the instructions out here and analyze them. If the plaintiff in error could have found any adjudicated case, condemning such as were given, we feel confident it would have been brought to our attention. These are all the points in the case of sufficient importance to require treatment, and none of them require a reversal.

It is not every time that a man is injured that the man for whom he works is liable to pay him damages therefor. Life, in its most simple form, is beset with dangers, and accidents occur in the most unexpected ways and in connection with the most harmless appearing acts; and, when we come to the operation of machinery, it may happen, as the jury probably believed it did happen in this case, an employee receives an injury which it would not have been reasonably possible for his employer to prevent. Our experience here has been that our juries are not open to the charge that they fail to give to an injured employee reasonable damages, when his injury has been shown by any satisfactory evidence to have resulted from his employer's negligence.

The case should be affirmed.

By the Court: It is so ordered.