THOMAS BARRETT *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Worcester. November 12, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability. *Evidence*, Opinion: experts.

In an action, under the employers' liability act, against a telephone company by a workman injured while in its employ by the swinging of a telephone pole when it was being hoisted into place in being set, if there is evidence that a certain person employed by the defendant had charge of the work and directed the men how and where to set the poles, and was spoken of by the man who hired the plaintiff for the defendant as " the boss," the fact that such person performed some slight manual labor in fastening the chain and rope to the pole which caused the accident does not prevent a finding that his sole or principal duty was that of superintendence.

In an action, under the employers' liability act, against a telephone company by a workman injured while in its employ by the swinging of a telephone pole when it was being hoisted into place in being set, there was evidence warranting a finding that a person employed by the defendant, whose sole or principal duty was that of superintendence, did not exercise proper care in regard to setting the pole and that the accident was due to such negligence on his part, that in setting

the pole which caused the accident no guy ropes were used to prevent it from swinging, although guy ropes were at hand and had been used in setting the poles previously set, and the jury could have found that the superintendent was negligent in attempting to set the pole without using them. The jury also could have found that there was negligence in giving the order to hoist. On cross-examination, the plaintiff testified " that he knew when they were raising the pole that there were no guy ropes on it and no preparation to guard against the pole swinging . . . ; that he knew that if the pole was lifted off the pike without any guy ropes on it it would swing; . . . that he knew the only safe way to raise the pole and to prevent such an accident as happened was to have guy ropes on it or pikes." When he was asked why he did not go and get the guy ropes, he replied, "M. [the superintendent] did not give us a chance." *Held,* that, while the plaintiff knew of the risk, it could not be ruled as matter of law that he assumed it, and that the question, whether in the sudden exigency which confronted him the plaintiff voluntarily assumed the risk of injury from the pole being set without the use of guys, was for the jury.

In an action, under the employers' liability act, against a telephone company by a workman injured while in its employ by the swinging of a telephone pole when it was being hoisted into place in being set, the presiding judge may allow a witness, who has been a foreman in the business of setting poles and stringing wires for about fifteen years, to testify as an expert to his opinion as to the proper method of setting telephone poles, and in so testifying he may be allowed to take into account the capabilities of the men engaged in the work, of which he has formed his opinion by seeing them as witnesses on the stand.

MORTON, J. This is an action of tort under the employers' liability act for personal injuries. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge* to give certain rulings that were requested and to the admission of certain expert evidence.

The plaintiff was injured while engaged in setting telephone poles for the defendant under the direction of one Monast, at Leicester. There was evidence warranting a finding that the sole or principal duty of Monast was that of superintendence. He had charge of the work and directed the men where and how to set the poles, and he was spoken of by the man who hired the plaintiff on behalf of the defendant company as "the boss." The fact that he performed some slight manual labor in fastening the chain and rope to the pole which caused the accident did not prevent his sole or principal duty from being that of superintendence. *Reynolds* v. *Barnard,* 168 Mass. 226. *Mahoney* v. *Bay State Pink Granite Co.* 184 Mass. 287.

There was also evidence warranting a finding that Monast

---

\* *Aiken,* C. J.

did not exercise proper care in regard to the setting of the pole and that the accident was due to such negligence on his part. Although guy ropes were at hand, and had been used to prevent the poles from swinging in setting those which had been previously set, there was evidence tending to show that no guy ropes were used in setting the pole in question. It was the swinging of the pole which caused the accident, and the jury could have found that guy ropes should have been used, and that the superintendent was negligent in attempting to set the pole without using them. There was also evidence from which the jury could have found that an order to hoist the pole was given by Monast and that due care was not exercised by him in giving it. The testimony in regard to some of these matters was contradictory, but it was for the jury to say what the facts were.

The plaintiff testified on cross-examination "that he knew when they were raising the pole that there were no guy ropes on it and no preparation to guard against the pole swinging . . . ; that he knew that if the pole was lifted off the pike without any guy ropes on it it would swing . . . ; that he knew the only safe way to raise the pole and prevent such an accident as happened was to have guy ropes on it or pikes." When he was asked, also on cross-examination, why he did not go out and get the guy ropes he replied, "Monast did not give us a chance." The defendant contends that the plaintiff assumed the risk of setting the pole without the use of guy ropes, and it asked the presiding judge to so instruct the jury, which he declined to do. In order to constitute an assumption of risk it must appear not only that the person who is alleged to have assumed it knew of it, but also, that he appreciated and voluntarily assumed it. The plaintiff had no reason to expect, until work was begun on the pole, that the superintendent would attempt to set it without using guys to keep it from swinging, and whether, in the sudden exigency which confronted him, the plaintiff voluntarily assumed the risk of setting the pole without the use of guys, was, we think, a question for the jury. While he knew of the risk, it could not, in view of the circumstances, be ruled as matter of law that he voluntarily assumed it. The instructions requested were, therefore, rightly refused. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Mahoney* v. *Dore*, 155 Mass. 513.

*Wagner* v. *Boston Elevated Railway*, 188 Mass. 437.  *Smith* v. *Baker*, [1891] A. C. 325.

It cannot be said, we think, that a person who has been a foreman in the business of setting poles and stringing wires for various companies for about twenty-two years, and has had special knowledge of raising telephone poles for about fifteen years, as the witness called by the plaintiff as an expert testified that he had had, may not have acquired such experience in regard to setting telephone poles as to render his opinion as to the proper method of setting one worth more than that of a person who had had no such experience, and give to it peculiar weight.  And we also think that, in testifying what would be the proper method in a given case, the expert may take into account the judgment which he has formed of the capabilities of the men engaged in the work from seeing them as witnesses on the stand.  It is manifest that what might be a proper method for setting a pole if the men were active, intelligent, strong and experienced might not be a proper method with men who were not active, intelligent, experienced and strong.  The care which the employer or his superintendent is required to exercise depends, to some extent at least, upon the age, experience, intelligence or skill of the workman, and we do not see, therefore, why the expert may not take the capabilities of the men into account in forming an opinion as to the proper method to be followed.

The instruction asked for that upon all the evidence the plaintiff was not entitled to recover was rightly refused.

*Exceptions overruled.*

The case was submitted on briefs.

*S. L. Powers & E. K. Hall*, for the defendant.

*F. B. Hall & J. H. Mathews*, for the plaintiff.