EPHRAIM DURANT *vs.* HOLBROOK, CABOT AND ROLLINS CORPORATION.

Bristol.    October 25, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Opinion: experts.

In an action by a workman against his employer for personal injuries from being struck by a heavy plank which was being lowered by means of a derrick without the use of a tag rope, a witness qualified as an expert may be allowed to testify that he has heard the description of the derrick and of the plank that was being lowered by it, and that in his opinion the derrick, thus used without a tag rope to keep the plank from swinging in, was not a suitable appliance for hoisting.

TORT for personal injuries sustained by the plaintiff on August 20, 1907, from being struck by a heavy plank which was being lowered, while he was in the employ of the defendant and was at work as a carpenter on a caisson on the Somerset shore of the Taunton River, the caisson being in process of construction for use in the erection of a new bridge across that river between the city of Fall River and the town of Somerset. Writ dated September 30, 1907.

At the trial in the Superior Court before *Stevens,* J., the plaintiff finally relied upon the second and third counts of his declaration, one alleging negligence in the failure of the defendant to furnish him with safe ways, works or machinery with which to do his work, and the other alleging negligence of a superintendent or of some one exercising superintendence.

The general character of the evidence is described in the opinion.

One Nicholson, called by the plaintiff as an expert, testified that he was a contractor of twenty years' experience ; that he had been putting up buildings; that he was familiar with derricks and hoisting apparatus, derricks run by boom and mast and the hoisting of things by chains and wire ropes.  He was asked the question, " Assuming such a derrick as is described, and such a load, is such a derrick a safe and suitable apparatus without a tag rope or guard rope?"   He answered, " No, sir."

Afterwards he was asked, subject to the objection and exception of the defendant, the question, " Is such a derrick as is described, carrying such a load as has been described here, and the load the way it has been described, is it a safe and suitable appliance without a tag rope ?"   He answered, " No."

The following questions and answers were subject to the same exception :  " Q.  How would a tag rope be used?   A.  There should be two tag ropes, one on each end, to pull that out and keep it there until the stick would swing down where the men wanted to put it. — Q.  How should it be dropped?   A.  In the first place the boom should have been long enough to get over here (illustrating). — Q.  Assuming that the boom wasn't long enough.   A.  There should have been a tag rope, it seems to me, so as to pull that out, and had the fall right so they could have dropped it down, and pulled it in with these tag ropes. — Q.  Now, Mr. Nicholson, suppose the boom isn't long enough to reach out where the load is to go, suppose this is the boom of the derrick, and it only reached up here in the middle of the caisson, and the load is to go out there, should a tag rope be used then in your opinion?   A.  Yes, there should be two tag ropes, one on each end.   There is nothing to stop that from swinging in if there isn't a tag rope on it. — Q.  What is the purpose of putting the tag rope on?   A.  To keep it swung out there until they lower it.   Then there should be somebody there, or shift the tags around and swing it in. — Q.  Now, is it a suitable appliance for hoisting, Mr. Nicholson, to have a boom that only reaches out to where the load is to go?   Is that a suitable appliance?   A. No."

One Hardy, called by the plaintiff as an expert, testified that he was a general contractor and had been in business eight years in carpentry work and general construction; that previously he had worked for contractors and builders for about fifteen years and was familiar with derricks and hoisting apparatus; that he had heard this derrick described and the load, the timber or plank twenty-five or thirty feet long, twelve inches wide and four inches thick. He then was asked and answered, subject to the objection and exception of the defendant, as follows: " Q. Now, Mr. Hardy, assume a derrick described as this has been in the evidence, carrying the load which has been described here, and assume that derrick is being used and operated without a tag rope or guide rope, is that a safe and suitable appliance? A. I should say not. — Q. Now, assume a derrick where the boom does not come out to the place where the load is to be put, — is that a safe and suitable appliance for hoisting? A. I should say not."

At the close of the evidence the defendant asked the judge to rule (1) that upon all the evidence in the case the plaintiff was not entitled to recover upon either of the counts relied upon, (2) that there was no sufficient evidence to warrant the jury in finding that the plaintiff was in the exercise of due care, and (3) that there was no sufficient evidence to warrant the jury in finding that the defendant, its agents or servants, were negligent.

The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,750. The defendant alleged exceptions to the refusal of the judge to make the rulings requested and to his refusal to exclude the expert testimony of the witnesses Nicholson and Hardy. The defendant argued that, the jury having before them full testimony as to the position of all the appliances, such a danger as the swinging in of the plank because of the lack of the restraining force of a tag rope was within their ordinary knowledge and was not a proper subject for the testimony of experts.

*D. F. Slade,* (*J. H. Kenyon, Jr.,* with him,) for the defendant.
*C. R. Cummings,* (*J. W. Cummings* with him,) for the plaintiff.

HAMMOND, J.   The principles of law applicable to this case are familiar and well settled; and the case is one of a large class where the bearing of the various parts of the evidence is so obvious that nothing is gained, either in the way of clearness or strength, by an extended discussion of it.   It is sufficient to say that after a careful reading of the evidence we are of opinion that the questions, whether the plaintiff was in the exercise of due care, whether he assumed the risk of the situation, whether there was negligence for which the defendant was answerable under either the second or third count, (upon which two counts alone the case was finally submitted to the jury,) and whether the work was being carried on by the defendant, were each and all questions of fact for the jury upon which a decision either way was legally possible.   See among other cases *Lang* v. *Terry*, 163 Mass. 138, and cases cited; *Barrett* v. *New England Telephone & Telegraph Co.* 201 Mass. 117, and cases cited.   It follows that the motion that a verdict be ordered for the defendant was properly denied, and that the instructions requested by the defendant were properly refused.

There was no error in the admission of the expert testimony. *Lang* v. *Terry, ubi supra.*

*Exceptions overruled.*