OLIVINA LAPLANT *vs.* J. W. BISHOP COMPANY.

Bristol. October 29, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* Employer's liability.

Evidence tending to show, that a workman, who was assisting in unloading lumber for his employer by means of a hoisting engine and derrick, was crushed and killed by the falling of a load of the lumber by reason of the defective condition of the hoisting engine in consequence of which it did not hold up the load, will warrant a finding that the death of the deceased was caused by a defect in the ways, works or machinery of his employer within the meaning of R. L. c. 106, § 71, cl. 1, § 73.

In an action under R. L. c. 106, § 71, cl. 2, § 73, for the death of the plaintiff's husband alleged to have been caused by the negligence of a superintendent of the defendant, where it appears that the plaintiff's husband was in the employ of the defendant and was assisting another man in the defendant's employ in unloading lumber by means of a hoisting engine and derrick when he was crushed and killed by the falling of a load of lumber that was being hoisted, if there is evidence tending to show that the load fell by reason of the improper way in which the sling, which was put around the load, was suspended from the hook on the derrick boom, that the principal work of the man whom the plaintiff's husband was assisting was to have charge of the derrick, that his work was overseeing, taking off the loads, piling up the lumber and making all hitches, and that "he had full charge of the derrick, unloading, piling, signalling and one thing and another," a finding is warranted that the death of the plaintiff's husband was caused by the negligence of one entrusted with and exercising superintendence whose sole or principal duty was that of superintendence.

TORT by the widow of Wilfred Laplant, under R. L. c. 106, § 71, cl. 1, 2, § 73, for causing the instant death without conscious suffering of the plaintiff's husband on August 11, 1909, while he was in the employ of the defendant, a corporation, which was engaged in erecting a mill building in New Bedford, the declaration containing two counts as described in the opinion. Writ dated July 27, 1910.

In the Superior Court the case was tried before *Lawton,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for the defendant both on the first count and on the second count on the grounds stated in the opinion. The judge refused to do so, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*G. Grime,* for the defendant.

*J. W. Cummings, (C. R. Cummings & J. W. Nugent* with him,) for the plaintiff.

MORTON, J. This is an action of tort under the employers' liability act, so called. R. L. c. 106, §§ 71, *et seq.* The declaration is in two counts: the first for a defect in the ways, works or machinery which had not been discovered or remedied owing to the neglect of the defendant, or of some one in its service entrusted by it with the duty of seeing that said ways, works or machinery were in proper condition, and the second for negligence on the part of one entrusted with and exercising superintendence, and whose sole or principal duty was that of superintendence, or who in the absence of the superintendent was acting as superintendent with the defendant's authority and consent. There was a general verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge at the close of the evidence to direct a verdict for the defendant on the first count on the ground that it had not been proved that the injuries were caused by the ways, works or machinery being in a defective condition which arose from and had not been discovered or remedied in consequence of the neglect of the defendant or of some person in its service entrusted by it with the duty of seeing that said ways, works or machinery were in proper condition; and on the second count on the ground that it did not appear that the death was caused by the negligence of some person in the service of the defendant who was entrusted with and was exercising superintendence, and whose sole or principal duty was that of superintendence, or who in the absence of the defendant's superintendent was acting as superintendent with the consent and authority of the defendant. Neither of these requests raised any question as to the due care of the plaintiff.

At the time of the accident the deceased was in the employ of the defendant and was engaged in assisting a man by the name of Donovan, also in the defendant's employ, in unloading from a team lumber that had been brought to a mill which the defendant company was building. The unloading was done by means of a hoisting engine and derrick. There was evidence tending to show that the hoisting engine was defective and that in consequence of that it did not hold up the load, and that by reason of that and of the improper way in which the sling which was put round the load was suspended from the hook on the derrick boom, the load fell and crushed and killed the deceased. One witness testified that "the piston rings were gone. It [the engine] wouldn't hold the load up after you got it there, after you shut your steam off." He also testified that the way in which the sling was fastened on to the hook was not a proper way to fasten it. The same witness testified further that "Jack Donovan's principal work was to have charge of the derrick; that Jack Donovan's work was overseeing, taking off the loads, piling up the lumber and making all hitches," and on cross-examination he testified that "he [Donovan] was in charge of the derrick, foreman. . . . He had full charge of the derrick, unloading, piling, signalling and one thing and another." There was other testimony to a like effect, and there was contradictory evidence in regard to all of these matters. One witness who had formerly run the engine testified, in substance, that it was in good order, and there was evidence tending to show that Donovan was more a laborer than he was a superintendent, or one whose sole or principal duty was that of superintendence. But these were all questions under suitable instructions for the jury. The defendant rightly concedes that the doing of some manual labor will not prevent a person from being a superintendent within the meaning of the statute, (*Barrett* v. *New England Telephone & Telegraph Co.* 201 Mass. 117, and cases cited,) and no fault appears to have been found by it with the charge which must be presumed to have dealt adequately with the questions submitted to the jury. It follows from what we have said, that no error appears in the conduct of the trial and that the exceptions must be overruled.

*So ordered.*