KANSAS CITY SOUTHERN RY. CO. v. ROGERS et al.†

(Circuit Court of Appeals, Eighth Circuit. February 26, 1913.)

No. 3,846.

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—ERECTION OF POLES—NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad company for injuries to a sectionman by a fall of a telegraph pole he was assisting to erect, evidence *held* to require submission to the jury of the question whether defendant exercised ordinary care in furnishing and use of appliances for the erection of the pole, and also in the use of an iron rod or bar, instead of a flat board or bar, to hold the end of the pole in place as it was being lowered into the hole.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—ACT IN EXTREMIS.

Where plaintiff, a railroad sectionman, was injured by the sudden fall of a telegraph pole, which he was assisting to erect, he was not guilty of contributory negligence as a matter of law because he did not run in the right direction to escape injury when he discovered that the pole was about to fall.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

3. EVIDENCE (§ 538*)—EXPERTS —MATERIALITY OF TESTIMONY.

Where, in an action for injuries to a servant by the fall of a telegraph pole, which he was assisting to erect, he claimed that defendant was negligent in failing to provide proper appliances for the work, an expert, who had had 13 years' experience in the work of constructing telegraph and telephone lines, was properly permitted to testify concerning the usual and proper method of erecting poles of that character, and as to the appliances that were required therefor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2348; Dec. Dig. § 538.*]

4. DAMAGES (§ 216*)—MENTAL AND PHYSICAL SUFFERING—INSTRUCTIONS.

An instruction, in an action for injuries, that if the jury found for plaintiff they might consider his pain and suffering, both mental and physical, "caused by the injury," if any were proved, and probable future suffering as a result of the injury, if it appeared from the evidence that future suffering would probably result from such injury, was not objec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied April 26, 1913.

tionable, as authorizing the jury to award damages for mental suffering disconnected from the physical injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

In Error to the District Court of the United States for the Western District of Arkansas; F. A. Youmans, Judge.

Action by Frank Rogers against the Kansas City Southern Railway Company and another. Judgment for plaintiff, and defendant Railroad Company brings error. Affirmed.

J. B. McDonough, of Ft. Smith, Ark. (S. W. Moore and J. G. Schaich, both of Kansas City, Mo., on the brief), for plaintiff in error.

J. D. Head, of Texarkana, Ark., for defendant in error.

Before SANBORN, Circuit Judge, and WM. H. MUNGER and TRIEBER, District Judges.

WM. H. MUNGER, District Judge. Plaintiff in error will be designated as defendant, and defendant in error as plaintiff; such being their titles in the trial of the case in the court below. Plaintiff brought this action to recover for injuries sustained by him while in the employ of the defendant as a section hand. The defendant having made a change in the location of its line, it became necessary to erect two telegraph or telephone poles on the sides of the new line. The work of erecting the poles was in charge of two linemen, who were brothers, named Moore. They had authority to call upon the section foreman for the assistance of his men in erecting·the poles. They called upon the section foreman, and he directed plaintiff, with several of his fellow workmen, to assist in the erecting of a pole of chestnut wood weighing, according to the evidence, approximately 1,250 pounds. Plaintiff, in his petition, charged negligence on the part of the defendant as follows:

"That said defendants then and there negligently and carelessly failed to furnish a reasonably sufficient force of men to handle the heavy pole then sought to be erected; said defendants were further negligent and careless in failing to furnish sufficient and proper instruments or pike poles with which to reasonably and safely carry on the erection of said poles; and said defendants then and there negligently and carelessly furnished pike poles the points of which were torn and old and unsuitable for the purpose for which they were being used; further, that the defendants negligently and carelessly failed and neglected to use a sufficient guide board, and then and there negligently and carelessly failed to use a board of sufficient width to guide the said pole into the hole while it was being erected by the plaintiff and the other servants working with him, and then and there negligently and carelessly failed to provide reasonably safe means of any kind or character, both for the erection of said pole and for the guiding of same into the hole in which it was to be set."

[1] The evidence shows that, in erecting the pole, they had two pike poles, which were used by the Moores. The plaintiff and one of his companions were directed to lift on the pole, each with a shovel, which they inserted in season cracks in the pole. Two others of the sectionmen assisted with their shoulders near the base of the pole. A crossbar was used under the pole to hold it when it became

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

necessary to change the position of the pike poles and shovels. An iron bar or rod was used at the butt of the pole to guide it into the hole. According to the testimony, the pole at the base was approximately 14 inches in diameter, and the hole in which it was to be inserted was some 18 inches in diameter. When the pole was partly raised, it in some manner turned, fell, and hit the plaintiff, causing the injuries which he complained of.

As to whether a trench had been dug, leading into the hole in which the pole was to be erected, in which trench the lower end of the pole would rest, the testimony was in conflict. Plaintiff called as a witness one Burton, who testified that he had been some 13 years in the work of constructing telegraph and telephone lines. He qualified to testify as an expert as to the usual and proper method employed in erecting a pole of the character in question. From his testimony, a trench should be dug into the hole 2½ or 3 feet back from the hole, so that the butt of the pole would go into proper position in the hole; that a jenny, or raising crotch, should be used in place of a crossbar, and pike poles should be used in place of shovels. It appears from the testimony that, while the crossbar would hold the pole up the same as a jenny or crotch, yet it would not assist in preventing the pole from turning to the extent that would be done by a jenny; that the trench would tend to prevent the pole from oscillating. We think the evidence sufficient to submit to the jury the question as to whether the defendant exercised ordinary care in the use of the appliances above stated, as well also in the use of an iron rod or bar, instead of a flat board or bar, to hold the end of the pole in place.

[2] The claimed negligence on the part of plaintiff consisted in the fact that, after he discovered the pole was going to fall, he did not run in the right direction to escape injury. The entire transaction happened in just a few moments, and it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence because, in the confusion at the time, he did not run in the direction in which it appeared subsequently that, had he run, he would have been safe.

Complaint is made to several sentences in the instructions given by the court. Considered as a whole, we think the instructions faultless; that they presented the issues and the law applicable thereto fully and fairly to the jury.

[3] The expert testimony given by the witness Burton was clearly admissible, under the authority of U. S. Smelting Co. v. Parry, 166 Fed. 407, 92 C. C. A. 159, and Barrett v. Telephone & Telegraph Co., 201 Mass. 117, 87 N. E. 565.

[4] The court, in its instructions to the jury, stated that, if they found for the plaintiff, in assessing his damages they might take into consideration his pain and suffering, both mental and physical, caused by the injury, if any were proved, and probable future suffering as a result of the injury, if it appeared from the evidence that future suffering would probably result from the injury. That portion of the instructions is complained of, for the reason that it permitted the jury to award damages for mental as well as physical suffering. While it is true that, in personal injury cases, mental suffering alone,

disconnected from physical injury, is not an element of recoverable damages, the exception to the instruction in this case is unavailing, for the reasons stated in 166 Fed. 415, 92 C. C. A. 167, in the opinion in the case of United States Smelting Co. v. Parry, supra.

From a full reading and consideration of the evidence and the briefs of counsel, we fail to find any prejudicial error, and the judgment is affirmed.