WILLIAM A. FRY *vs.* POSTAL TELEGRAPH CABLE COMPANY.

Essex.    March 10, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* In maintaining wires, In use of highway.

If a small boy, who is in the charge and care of his sister ten years of age, is left by his sister standing on an uneven grass plot about fifteen feet wide, which is a part of a public highway that has no sidewalk at that place and is at the side of the travelled road, while his sister and a companion of the same age turn their backs on him and go a few feet away to pick flowers, and the boy is struck and injured by a loose guy wire or wire cable swinging from a telegraph pole, in an action by the boy against the telegraph company maintaining the wire for his injuries so sustained, it can be found that the boy was in a place on the highway where he had a right to be and that his sister was in the exercise of as much care and prudence in the protection of her brother as reasonably might be expected on the part of a girl of her age.

If a telegraph company leaves a loose guy wire or wire cable fifteen or twenty feet long hanging from one of its telegraph poles over an uneven grass plot about fifteen feet wide that is part of a public highway without a sidewalk at the side

of the travelled road, so that the end of the wire or cable can be swung as much as five feet by an ordinary wind, and it remains in this condition so long that children in the neighborhood get in the way of swinging on it from day to day, putting a foot in the end that is curled up, in an action against the company by a child who was injured by having the wire or wire cable swing against his eye, it can be found that the defendant was negligent in failing to discover the condition of the wire and allowing it to remain loose.

TORT by a minor, by his next friend, for personal injuries sustained by the plaintiff from being struck in the eye by a loose guy wire or wire cable hanging from a telegraph pole owned and controlled by the defendant on August 4, 1912, on Western Avenue, a public highway in Lynn. Writ dated August 28, 1912.

In the Superior Court the case was tried before *Brown*, J. The place of the accident is described in the opinion. At the time of the accident the plaintiff was in charge of his sister Lucy, who was ten years old, and with them was Annie Burchell, also about ten years old.

Annie Burchell testified: "We were coming across the bridge. I saw this wire and it was swinging, and we were going down to the water, and as we were going past the wire there, between the two posts, Willie stopped and Lucy [Fry] and I went along, and we didn't know Willie got hurt until we heard him cry, and then we turned round and we saw the wire swinging out, and we noticed Willie's eye was bleeding. After Willie got hurt I saw the wire swinging out over the water. . . . When the wire struck Willie, Lucy and I were going down there near the tree, down the other way. We were about ten feet away. When we were coming across the bridge there were a crowd of children swinging on the wire. When we were over near there the children who were swinging had gone."

On cross-examination she testified, "Mrs. Fry knew we were going to the Fay estate to pick flowers. She did not know or expect we were going into this place where the two poles were. When we crossed over the bridge and come in sight of the two poles there were about nine children there. We saw some flowers and Lucy and I went to get them. We told Willie to stay there. We did not have to go through a fence. There was no fence between the travelled part of the street and those two poles. When we told Willie to stay there I don't know just where we were, we were down in a place. I don't know where the other children

were then, — they had all gone by that time. We were about nine or ten feet from the two poles when we told Willie to stay there, — and went to get flowers. The flowers were farther down, up near the billboard, not near the water, — they were farther from the line of the road than the poles were. We turned our backs to Willie when we went to get the flowers. When we heard him call, Willie had moved back a little bit out of the way of the wire, just a few steps from where he was, I should say about five feet from the first pole, toward the road, that is, where he was when he was hit. The children who were playing about had all left the place where the poles were before we went in. The wire was about fifteen or twenty feet long, — it was several small wires twisted together. I think there was wind enough to make that wire swing five feet. I had seen children swinging on that wire before. I had swung on it before, but not that day. Willie did not move from the place where we left him until he got hit. The wire was swinging when we went in there. It kept on swinging all the time. We left Willie standing five feet from the poles, — not nearer one pole than the other. He was four feet away; when he got hit he moved back a foot."

The plaintiff's sister Lucy testified, "I am a sister of Willie Fry, — was with him at the Floating Bridge when he got hurt. When he got hurt he was about running in the centre of the two posts up near the fence on the centre line between the two posts up near Mrs. Beardsey's fence. The first I knew he was hurt I was about two or three feet from him and picking some flowers that was there. I heard a scream, looked around and saw his eye was bleeding. We were going to the Fay Estate. . . . The first time I saw the wire we was coming over the bridge and seeing nine or ten other children swinging on it. When we were there near the posts I saw the wire. After it struck Willie I saw it, — it was swinging out over the pond. Nobody was on it then, — nobody had hold of it. I don't believe there was any other children near me when Willie was struck."

Other evidence is described in the opinion.

At the close of the plaintiff's evidence, upon the defendant's request, the judge ordered a verdict for the defendant, and reported the case for determination by this court, the parties having stipulated that, if upon the evidence the jury would be warranted

in finding for the plaintiff, judgment was to be entered for the plaintiff in the sum of $100 as of the date of January 19, 1916; otherwise, judgment was to be entered for the defendant.

*A. T. Cusack,* for the plaintiff.

*G. P. Wardner,* for the defendant, submitted a brief.

Crosby, J.    The plaintiff, a minor, brings this action by his next friend, to recover for personal injuries alleged to have been received by reason of being struck in the eye by a guy wire hanging from a telegraph pole, owned and used by the defendant.

The place of the alleged accident was on Western Avenue, a public highway in Lynn, at a point near the northerly end of the Floating Bridge, so called. The bridge is a part of the highway and is about thirty feet wide. The highway is sixty-six feet wide where the bridge joins it and the shore of the pond. A projection of the side lines of the bridge would mark the travelled part of the highway; between the travelled road and the side lines of the highway is an uneven grass plot about fifteen feet wide. There is no sidewalk at this point.

The plaintiff was injured while on this grass plot. The telegraph pole, upon which the wire hung, was close to the rail about four feet from the end. We are of opinion that the plaintiff, when he was injured, was in a place upon the highway where he had a right to be.

While the report recites that the plaintiff was a minor, his age at the time of the accident does not appear. There was evidence, however, that he was in charge of his sister who was ten years old. In view of the evidence, we are of opinion that it could have been found that she exercised as much care and prudence in the protection of her brother as might reasonably be expected of a girl of her age.

There was evidence tending to show that, just before the accident, "there were a crowd of children swinging on the wire;" that children had been seen swinging on the wire before the day of the accident; that it was a cable wire with five or six strands, and that the end was curled up, "where they [the children] put their foot in and swung."

In view of the length of time during which it could have been found that the wire had been hanging from the pole, we are of opinion that the jury would have been warranted in finding that

.the defendant was negligent in failing to discover the wire and to secure it.

In accordance with the terms of the report, let the entry be

*Judgment for the plaintiff in the sum of $100.*