JOHN JORDAN, administrator, *vs.* ADAMS GAS LIGHT COMPANY.

Berkshire. September 30, 1918. — October 11, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* In use of electricity. *Wires. Electricity. Evidence,* Declarations of deceased persons, Opinion: experts. *Practice, Civil,* Exceptions, Judge's charge.

A boy about twelve years of age was found lying on his face on the ground "with his arms all spread out and his legs" close to the gutter of a street near a pole of an electric light company supporting an electric light. His body was burned badly by electricity. His clothing looked as if he had been rolled in the dirt and "around the pole was just as clean as you would take a broom and sweep it." A flash of light had been seen at that place. A wire was hanging from the pole, the end of it being at least three feet and eight inches from the ground. A witness testified that this wire "was curled up on the end" and that about "four or five inches of this wire was all burned up like a crust of bread." The boy died the next day without conscious suffering. The accident occurred after the enactment of St. 1914, c. 553. In an action against the electric light company for causing the boy's death, it was *held* that there was evidence for the jury of negligence on the part of the defendant.

In the case above described the jury found for the defendant on a count for conscious suffering. Subject to the defendant's exception certain alleged declarations of the boy were admitted in evidence under R. L. c. 175, § 66. *Held,* that these declarations had been made immaterial upon the count for conscious suffering by the verdict on that count; and it was *said* that the declarations could not be considered as evidence in support of the count for causing death, because, if the boy after such injuries had been sustained did not suffer consciously before his death on the day after the accident, he could not be found to have made intelligent declarations, and accordingly that the alleged declarations had not been considered as evidence by this court.

In the case above described it was assumed, in the absence of any exception to any part of the judge's charge, that the judge properly had instructed the jury to disregard the alleged declarations if the boy did not suffer consciously.

Upon an exception in the case above described to the admission of the testimony of an expert on electricity and its effect upon the human body, on the ground that the witness was not qualified properly as an expert, where the evidence as to the qualification of the witness was rather meagre but such evidence was not wholly absent and the excepting counsel had declined to cross-examine the witness upon that subject, it was *held* that there was nothing to show that the presiding judge had not exercised his discretion properly in passing upon the witness's qualification as an expert.

TORT by the executor of the estate of Everett Forbes, late of Adams, against the Adams Gas Light Company, a corporation

operating a system of electric street lights in the town of Adams, for negligently causing the conscious suffering and death of the plaintiff's intestate by injuries sustained by him on April 12, 1917, by his coming in contact with a loose wire of the defendant highly charged with electricity hanging from a pole of the defendant at the corner of Mill Street and Allen Street in Adams. Writ dated June 25, 1917.

The first count of the declaration was for conscious suffering of the intestate and the second for causing his death.

In the Superior Court the case was tried before *Lawton*, J. The evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered for the defendant, first, on the first count of the plaintiff's declaration, second, on the second count of the plaintiff's declaration, and, third, on both counts of the plaintiff's declaration. The judge denied the motion and submitted the case to the jury on both counts. On the first count, for conscious suffering, the jury found for the defendant. On the second count, for causing death, the jury returned a verdict for the plaintiff in the sum of $4,800. The defendant alleged exceptions, including the exceptions relating to the admission of evidence which are described in the opinion.

The case was submitted on briefs.

*J. B. Ely*, for the defendant.

*F. M. Myers & T. F. Cassidy*, for the plaintiff.

RUGG, C. J. The plaintiff seeks to recover damages for the conscious suffering and death of his intestate, a boy about twelve years of age. There was evidence tending to show that, at a little before ten o'clock on an April evening in 1917, he left a woman neighbor at her door. A short time afterwards he was heard whistling as he returned by her house. A few moments later from a window she saw a "kind of a flash" from the direction of a street corner nearby. Others testified to seeing the flash of light. The boy presently was found lying on his face on the ground "with his arms all spread out and his legs" close to the gutter near a post or tower of the defendant which supported an electric light. His body was badly burned by electricity. He sustained other injuries and died the next day. His clothing bore the appearance of his having been rolled in the dirt, and "around the pole was just as clean as you would take a broom and sweep it." From

the tower or light of the defendant was hanging a wire, the distance of the end of which from the ground was variously estimated, the lowest being three feet and eight inches.

The accident occurred since the enactment of St. 1914, c. 553, which provides that in a case like the present the deceased shall be presumed to have been in the exercise of due care. Therefore, upon the evidence which has been recited, it was necessary to submit the question of the due care of the deceased to the jury. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Mercier* v. *Union Street Railway*, 230 Mass. 397. Whether the boy received his injuries by coming unconsciously or innocently in contact with the end of a heavily charged wire while walking on the highway, as argued by the plaintiff, or by climbing upon the tower of the defendant and intermeddling with the wire, as urged by the defendant, was matter of fact. The way in which the lighting system of the defendant operated, the arrangement of its circuits and the effect of a broken wire, were all pertinent factors in reaching a decision as to the ultimate fact. But they did not warrant a ruling of law that the defendant was not liable. There were circumstances and inferences which tended to support the contention of the plaintiff. See *Boutlier* v. *Malden Electric Co.* 226 Mass. 479, 485.

There was evidence sufficient to support a finding of negligence on the part of the defendant. The defendant's wire, which according to the testimony of one witness also "was curled up on the end and . . . I should think it was four or five inches of this wire was all burned up like a crust of bread," was enough upon this point. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156. *Linton* v. *Weymouth Light & Power Co.* 188 Mass. 276. *Fry* v. *Postal Telegraph Cable Co.* 223 Mass. 496. The case at bar is distinguishable from *O'Donnell* v. *North Attleborough*, 222 Mass. 591.

The jury found in favor of the defendant on the count for conscious suffering. This renders immaterial the exception to the admission of the declarations of the deceased under R. L. c. 175, § 66. Such declarations of the deceased cannot now be considered as evidence to support the plaintiff's case. They have not been so considered in this opinion. Presumably one who sustained injuries of the nature here disclosed could not make intelligent declarations if he did not suffer consciously. No exception was

saved to the charge.   It may be assumed as against the excepting party that adequate instructions were given to the jury to disregard utterly the declarations in the event of a finding against the plaintiff on the count for conscious suffering.

The record in the case at bar does not show that the ruling, permitting the witness Walsh to testify as an expert on electricity and its effect on the human body, was erroneous in law.   His qualifications appear to have been rather meagre but not wholly absent, and the opposing counsel declined to cross-examine him upon that point.   The competency of a witness offered as an expert rests largely, although not exclusively, within the discretion of the presiding judge.   *Commonwealth* v. *Spencer*, 212 Mass. 438, and cases collected at page 448.   *Fourth National Bank of Boston* v. *Commonwealth*, 212 Mass. 66, 68.   *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 429.

*Exceptions overruled.*