STELLA MORASKI *vs.* T. A. GILLESPIE COMPANY.

Suffolk.   March 24, 25, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Actionable Tort. Negligence,* In performance of public work. *Public Work. Evidence,* Opinion: expert, Of custom, Relevancy and materiality.

While an action of tort will not lie to recover damages which necessarily are incidental to the performance of a public work authorized by the Legislature, such an action may be maintained against a contractor for damages resulting from negligence of himself or his employees in the performance of such work.

Where, at the trial of an action of tort against a construction company for damages to a building of the plaintiff caused by negligence of the defendant in the excavating of a tunnel in the performance of a public work authorized by the Legislature, there is evidence that the plaintiff's building was old and that, while it was in fairly good condition, it had cracks in the wall and some of the wood of which it was constructed was rotten; that, in a necessary relocating of a sewer, the earth was excavated to within about a foot of the front steps of the building; that this caused some of the bricks in the building to fall out of the foundation, the doors to fail to shut, the windows to be out of their frames and the stairs to be lowered and the building to settle from one and three eighths to a little less than one half of an inch; that it was the practice, when excavations were made near the foundations of a building, to hold it in position by temporary supports, and that no supports were used in this instance. *Held,* that the evidence required a submission of the case to the jury.

At the trial of the action above described, expert testimony was admissible upon the question, whether it was " proper construction . . . to leave a building so near a deep excavation " without proper support, and, also, whether by the use of proper care the building could have been prevented from settling.

The action above described related to the construction of Dorchester tunnel, authorized by St. 1911, c. 741, and it was *held* that the contract between the Boston Transit Commissioners and the defendant for the construction of the portion of the tunnel in question was admissible in evidence for the purpose of showing that the defendant had control of that portion of the work.

Evidence as to the common practice of supporting buildings when the earth is removed from a place close to the foundation was admissible in the action above described.

TORT for damage to real estate of the plaintiff alleged to have been caused by improper conduct of the defendant in the construction of the Dorchester tunnel, so called.   Writ dated June 13, 1917.

In the Superior Court, the action was tried before *Hammond,* J.

Material evidence is described in the opinion.  At the close of the evidence by order of the judge a verdict was entered for the defendant; and the plaintiff alleged exceptions.

*G. P. Beckford*, for the plaintiff.

*A. MacLeish*, for the defendant.

CARROLL, J.  This is an action of tort by the owner of the premises No. 13 Boston Street, South Boston, against the defendant construction company, which was engaged at the time in building a section of the Dorchester tunnel, so called.  St. 1911, c. 741.  The declaration and specifications allege that the work was so carelessly performed as to cause a settlement of the house.

The plaintiff's house was an old two-story wooden building resting upon a brick and stone foundation, " in fairly good condition . . . for an old building," with a store projection extending about four feet from the front walls.  Excavation was made for the tunnel in the street in front of the premises.  There was evidence that the earth was dug so close as " almost to touch the building," and the excavation " was right at the door, that is, touching the door " and " so near " the building that some of " the bricks fell out from the foundation."  The engineer in charge of the work testified that the distance from the main building to the subway wall was five or six feet; and that between the tunnel excavation and the building an excavation was made for a sewer which was relocated, owing to the construction of the tunnel.  This line of excavation was two feet from the store projection and about a foot from the steps.  The sewer excavation was six to eight feet deep.  The tunnel excavation was twenty-eight feet deep.  Two inch planks were driven into the ground to hold in place the soil between the sewer and the foundation of the building.  Before the work was begun, cracks were found in the wall, and some of the wood in the sills was rotten.  As the work went on, more cracks were discovered, " the doors wouldn't shut, the windows were out of the frame," and " the stairs had lowered."  The building settled from one and three eighths inches to a little less than one half inch.  No braces were placed under the foundations to support them during the progress of the work, and there was evidence that when an excavation of the depth of twenty feet is dug in front of the wall of a house and the building is not supported in some way, it is to be expected that it will " settle a little,"

and that it rquired extremely skilful work to brace the building to prevent it from settling.   A witness for the plaintiff testified that it was the practice when excavations are made near the foundation of a building, to hold it in position by temporary supports. The judge directed a verdict for the defendant and the plaintiff excepted.

An action of tort will not lie to recover damages which are incidental to the performance of a public work authorized by the Legislature.   For such damages the plaintiff must pursue the remedy provided in the statute.   St. 1911, c. 741, Part I, § 21. *Perry* v. *Worcester,* 6 Gray, 544.   *Saltonstall* v. *New York Central Railroad,* 237 Mass. 391, where the cases are collected.   If, however, there is any evidence that the defendant in the performance of this work was negligent, then it is for the jury to pass on the question; and if they were satisfied that the defendant's careless manner of carrying on the work injured the property, the plaintiff could recover.   *Perry* v. *Worcester, supra.   Murray* v. *Boston,* 219 Mass. 501.

The excavation was close to the building and went below the foundations.   The building was old, and while in fairly good condition, it had cracks in the wall and some of the wood was rotten. The work required not merely the excavation for the tunnel, but one closer to the house in order to move the sewer.   The jury could say that, in carrying on such a work, considering its extent and proximity to the plaintiff's building, and its condition, proper care required that the house should be in some way supported so as to prevent it from settling; and the jury could infer from all the evidence that this could have been done.   They could say that if the excavating was so close to the house that some of the bricks fell out of the foundation, and the house was cracked and the sills rotten, that such care was necessary as these conditions called for; and they could also infer from the fact that it was the general practice to brace buildings during the progress of work of this character, that the structure could have been temporarily supported.   There was evidence that good engineering practice did not call for any support of the building and that the excavation was conducted in the proper manner and with proper means; and on this evidence the jury could have found that the settlement was incidental to the work and would have happened even if the

subway was constructed in a proper manner. But they were not bound to make this finding and were not required to believe the evidence tending to show that suitable precautions were taken. They could have found that proper care under all the circumstances, required that the building should have been braced or supported.

As there must be a new trial, we consider the exceptions taken to the evidence. One Cavanaugh, a building mover, who had no experience in building tunnels, but who had supported and protected buildings near deep and large excavations, was asked his opinion whether it was " proper construction . . . to leave a building so near a deep excavation " without proper support, and also, whether by the use of proper care the building could have been prevented from settling. While the competency of an expert witness rests very largely in the discretion of the presiding judge, *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186, 189; *Old Colony Trust Co.* v. *DiCola*, 233 Mass. 119, 125, the evidence was not excluded on this ground, but on the ground that what could be done by proper care was a question for the jury, and not for the witness. The inquiry related to a matter which called for expert knowledge and, if the witness was found to be qualified, in our opinion the evidence showing what should have been done in the exercise of proper care to support the building was competent and should have been admitted. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131. *Lang* v. *Terry*, 163 Mass. 138. *Barrett* v. *New England Telephone & Telegraph Co.* 201 Mass. 117. *Durant* v. *Holbrook, Cabot & Rollins Corp.* 207 Mass. 76.

The contract between the defendant and the Boston Transit Commissioners for the construction of this section of the tunnel was competent for the purpose of showing that the defendant was in control of the work under a contract with the Boston Transit Commission.

There was no error of law in admitting the evidence as to the common practice of supporting buildings when the earth is removed from a place close to the foundation. *McMahon* v. *McHale*, 174 Mass. 320.

*Exceptions sustained.*